# Commonwealth *v.* George Windish, Appellant.

*Practice, O. & T.—Motion to quash indictment—Laches.*

It is not error for the court to refuse to quash an indictment when the motion which related to defects in the form of the writ of venire was not made promptly, but was delayed until the second term, and until after defendant had obtained a continuance of his case upon application.

*Criminal law—Challenge for cause—Practice, O. & T.*

It is not error for the court to overrule challenges for cause which rest on the fact that the jurors described in the venire were misdescribed as to occupation, it sufficiently appearing that the persons called were the persons whose names had been drawn from the wheel, which is the important question on which such challenges depend.

*Criminal law—Improper remarks by counsel—Practice, O. & T.*

Addresses to the jury in criminal cases are under the supervision of the trial judge. If counsel indulge in a line of remark that is unfair toward the prisoner or that is calculated unduly or in an improper manner to excite the jury against him, it is the duty of the defendant's counsel to call the attention of the court to it at the time and to ask the protection to which defendant is entitled. It is only an abuse of discretion that can be made a subject of appeal; and when it does not appear that the attention of the court was called to the alleged objectionable remarks they will not be considered upon exceptions subsequently taken.

Argued May 22, 1896. Appeal, No. 360, Jan. T., 1896, by defendant, from judgment of O. & T. Luzerne Co., Sept. T., 1895, No. 473, on verdict of guilty against defendant. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Indictment for murder. Before WOODWARD, P. J. Verdict of guilty.

It appears from the record that a true bill was found September 5, 1895. On November 12, 1895, defendant moved to quash the indictment, on which day the motion was refused and same day issue joined and jury called and sworn. The jury found the defendant guilty in manner and form as indicted, and on November 20 motion and reasons for a new trial and in arrest of judgment were filed, which were refused on March 23, 1896, and defendant sentenced.

The facts upon which the assignments of error are founded are sufficiently set forth in the opinion of the Supreme Court.

*Errors assigned* were (1) In overruling the motion in arrest of judgment which is founded on the following reasons :

(*a*) The clerk of the court of oyer and terminer and quarter sessions, without an order or precept from the said court, or two of the judges thereof, issued to the sheriff and commissioners the venire for the summoning of the grand jury which found the indictment in this case.

(*b*) The venire was attested by Hon. Charles E. Rice, president judge of said courts, when as a matter of fact the said Charles E. Rice at the time of attesting the said venire was not a member of said courts.

(*c*) The seal of the court of oyer and terminer is not attached to the venire.

(2, 3) In overruling the defendant's challenge for cause to jurors James Ryan and Adam Kneas.

(4) In refusing to withdraw a juror because of the improper statement made by the district attorney in his opening, which statement is as follows : " I have no doubt what the opinion of those jurors was who were challenged because of their opinion."

*John T. Lenahan, James L. Lenahan* with him, for appellant. —The motion to quash was in time because made as soon as defendant had any knowledge of the defects : Klemmer v. R. R., 163 Pa. 521. The challenges for cause should have been sustained : Quigley v. Com., 84 Pa. 18. As to improper remarks of the district attorney, see Com. v. Weber, 167 Pa. 153.

*Henry A. Fuller* and *D. A. Fell, Jr.,* district attorney, for appellee, were not called upon.

OPINION BY MR. JUSTICE WILLIAMS, May 28, 1896 :

There are four assignments of error upon this record. The first is to the refusal of the court below to quash the indictment. The reasons on which the motion to quash rested related to defects in the form of the writ of venire. If this motion had been promptly made, the defects pointed out in the writ might have led to the quashing of the array of grand jurors ; but it was not so made. It was not made until the second term, and not until the defendant had obtained a continuance of his case upon application. The defects complained of were in the form

of the writ, and one of these was amended by the court before the trial. As amended, the venire authorized the summoning of a grand jury, and that body had power to inquire into the commission of the offense charged in the indictment. The second and third assignments complain that the court overruled the defendant's challenge for cause to the jurors Kneas and Ryan. The challenge of Kneas as appears by the bill of exceptions rested on the fact that he was described in the venire as a laborer and that he testified that he was a farmer. The challenge of Ryan was made on the ground that his occupation as given in the writ was that of a porter, while in fact it was that of a potter.

It was not alleged that these were not the persons drawn and summoned as grand jurors, nor that other persons bearing the same names and following the occupations named in the venire were to be found in the districts from which these jurors were drawn. The objection in both cases rested on the mistake in the occupation of the jurors as stated in the writ. We think it sufficiently appeared that the persons called were the persons whose names had been drawn from the wheel, and this was the important question on which the challenge depended. The last assignment is directed to the refusal of the court to withdraw a juror because the district attorney, as is alleged, had said in his opening address that he had "no doubt what the opinions of those jurors were who were challenged because of their opinion." We have had occasion to say on several occasions within the last few years that there is no way provided for excepting to the remarks of counsel. The addresses to the jury like all else relating to a trial are under the supervision of the trial judge. If counsel indulge in a line of remark that is unfair toward the prisoner or that is calculated unduly, or in an improper manner, to excite the prejudice of the jury against him, it is the duty of the defendant or his counsel to call the attention of the court to it and ask the protection to which he is justly entitled.. The court will then in the exercise of a sound judicial discretion consider the subject and determine whether the line of remark shall continue, be modified, or discontinued altogether, and whether any explanation or correction of what has already been said shall be made. Under all ordinary circumstances, this is the course to pursue; and the judg-

ment of the trial judge must, as in other cases of the exercise of discretionary powers, be regarded as fixed. An abuse of discretion may in a proper case be made the subject of an appeal to this court. The record does not indicate that the attention of the learned trial judge was drawn to the opening address of ᐧ the district attorney while it was being delivered, or in any other manner than by this motion to withdraw a juror made at some time before verdict. This case is, therefore, clearly distinguishable from the case of Holden v. The Penna. Railroad, 169 Pa. 1, as in that case the application was promptly made, refused, and a bill of exceptions to such refusal sealed by the trial judge, thus bringing the objectionable remarks upon the record. This was not done in this case. The remarks objected to form no part of the record and they can be considered only in the manner already indicated. The motion was, therefore, properly refused. The evidence seemed to satisfy the jury and the learned judge of the guilt of the defendant. He was fairly tried. The errors assigned are overruled and the judgment is affirmed.