# Commonwealth *v.* McMahon.

*Jurisdiction, Q. S.—Voluntary burning—Criminal law.*

Wilful and malicious burning as described in section 138, of the Act of March 31, 1860, P. L. 382, is properly cognizable in the quarter sessions. The appellate court will not reverse on a doubtful question of jurisdiction where no rights of the prisoner have been infringed and where the case has already been fully and fairly determined by the court below without objection being raised by the defendant to the jurisdiction.

*Discretion of trial judge—Orderly trial.*

It is peculiarly the discretionary duty of the trial court to see that the trial is conducted in a legal and orderly manner and unless that discretion is abused such order is not the subject of an appeal.

Argued Jan. 17, 1900. Appeal, No. 113, April T., 1900, by defendant, in suit of Commonwealth of Pennsylvania, against Michael McMahon, James McMahon and John McMahon, from sentence of Q. S. Allegheny Co., March Sessions, 1899, No. 295, on verdict of guilty. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Affirmed. Opinion by ORLADY, J.

Indictment for a misdemeanor in wilfully burning a building. Before SLAGLE, J.

It appears from the record that the defendants were indicted, pleaded to the indictment, were tried and convicted in the court of quarter sessions. The following appears from the bill of exceptions:

On the trial of this cause, while the district attorney was making his final address to the jury, the defendants' counsel interrupted him for the purpose of correcting an alleged misstatement of a matter claimed to be material, when the court directed the counsel to withhold any corrections of alleged misstatements until the close of the district attorney's argument. Defendant's counsel excepted to this order and requested a bill, which request was granted with directions to counsel to reduce it to writing. At the conclusion of the district attorney's argument, counsel for the defense called the attention of the court to several alleged misstatements of the district attorney as to matters claimed to be material.

At the instance of counsel for the defendants this bill is sealed, to the order of the court, directing counsel to refrain from making correction of alleged misstatements until the conclusion of the district attorney's address.

After verdict of guilty, defendants moved for arrest of judgment which motion was overruled in the following decree of the court:

[And now, November 25, 1899, before sentence of above defendants, their counsel moved the court to arrest the judgment in this case, for the following reason: The record, trial and all

621, (1900).]        Assignment of Errors—Argument.

proceedings in this case are, and have been had in the court of quarter sessions, which court has no jurisdiction of the offense charged in the indictment.] [4]

Verdict of guilty and sentence thereon. Defendants appealed.

*Errors assigned* among others were (1, 2) in not permitting defendants' counsel to make corrections in the alleged misstatement in the concluding argument of the district attorney at the time said statements were made, reciting said exceptions. (4) In overruling motion in arrest of judgment, reciting decree.

*Geo. Elphinstone*, for appellant.—It is the duty of counsel for defendant to make objection to improper remarks and unwarranted statements of the district attorney, and call the attention of the court thereto at the time they are made : Com. v. Weber, 167 Pa. 153; Com. v. Smith, 2 Pa. Superior Ct. 474.

The motion in arrest of judgment should have prevailed because the court of quarter sessions has no jurisdiction of the offense charged in the indictment : Act of March 31, 1860, P. L. 427, sec. 31.

To give the act the construction contended for in Com. v. McConnell, 8 Pitts. Leg. Jour. 290, opinion by MELLON, J., and limit it to cases of felonious arson, would frustrate the plain intention of the lawmaker and cut out of the act words put there for an evident purpose.

The Act of June 16, 1836, P. L. 784, sec. 14, in express terms gave the oyer and terminer jurisdiction of persons charged with arson and with the burning of buildings and things at that time punishable as arson. The act of 1860 extended the jurisdiction to the new "things," the burning of which by the penal code, enacted on the same day, was made punishable in the same manner as arson.

*John C. Haymaker*, district attorney, with him *John S. Robb, Jr.*, first assistant district attorney, for appellee.—In the argument of this case counsel for the commonwealth was interrupted twice by opposing counsel, and in the first instance the court held that the inferences then being drawn were justified by the proofs, and on the second occasion the court suggested that counsel for defendants should note any misstate-

ments of facts, and call the court and jury's attention to them on the conclusion of the argument, which was done.

The court below in the exercise of a sound discretion considered this to be the proper and orderly way to be pursued by counsel. The discretion exercised by the court below in the trial of cases will not be made the subject of an appeal unless there was an abuse of that discretion: Com. v. Windish, 176 Pa. 167.

There is nothing in the case to show what the objectionable statements were, or that counsel for appellants endeavored to bring them upon the record, so that the appellate court could review the action of the trial court as required in Com. v. Smith, 2 Pa. Superior Ct. 474, and Holden v. Penna. R. Co., 169 Pa. 1, 17.

The fourth assignment is intended to gainsay the jurisdiction of the quarter sessions court to try the defendants for a violation of section 138 of the Act of March 31, 1860, P. L. 382.

The same question raised by this assignment was raised in 1861 in the case of Com. v. McConnell, 82 Pitts. Leg. R. 290, tried in this county: Adams's Appeal, 113 Pa. 449.

While it is true that manifest want of jurisdiction may be taken advantage of at any stage of the cause, the court will not permit an objection to its jurisdiction to prevail in doubtful cases, after the parties have voluntarily proceeded to a hearing on the merits.

The same rule was laid down in Shillito v. Shillito, 160 Pa. 167, and in Silvis v. Clous, 1 Pa. Superior Ct. 41.

OPINION BY ORLADY J., July 26, 1900:

The defendants were indicted and tried in the court of quarter sessions of Allegheny county and found guilty under an indictment founded upon the 138th section of the act of March 31, 1860. The jurisdiction of the court was not questioned in any manner until after verdict, when a motion in arrest of judgment was filed, in which it was urged that the offense laid in the indictment was exclusively triable in the court of oyer and terminer, by reason of the 31st section of the criminal procedure Act of 1860, P. L. 427, paragraph 4, which provides that said court shall have exclusive jurisdiction and power to try and punish all persons charged with the crime of "vol-

untarily and maliciously burning any building, or other thing made punishable in the same manner as arson."

In the decision of this case it is not necessary to follow the reasoning of the learned counsel of appellant, as the case was properly disposed of on other grounds. A general plea of not guilty was entered and the trial proceeded without any objection that the court in which the defendant was being tried did not have jurisdiction. The record does not show that he was in any way harmed. If the question had been raised when the plea was entered, if the position taken by the defendant counsel is correct, the case would have been certified to the oyer and terminer for trial as both courts were being held before the same judge and jurors, and the records of both are kept by the same officers. The defendant did not complain that any right was denied him, and it is urged by the appellee and not denied by the appellant that it has been the universal practice of the criminal courts of Allegheny county to try such offenses in the quarter session under authority of Com. v. McConnell, 2 Pitts. Rep. 210, in which it was held, viz : "It appears at all events that the offenses enumerated in section 137 are alone declared to be arson and that those enumerated in section 138 are not arson with us since the enactment of the code, whatever they have been before, but are now misdemeanors only. It is evident too, that the legislature considered the crime of arson in section 137 as more heinous, and to be punished with much greater severity than the misdemeanor provided for under section 138, although the punishment is the same in kind it is not the same in degree. The wilful and malicious burnings described in section 138 are punishable, not in the same manner as arson but in the same manner as misdemeanors are punishable; and it cannot, therefore, be said with strict propriety, that the offenses described in these two sections are punishable in the same manner. It appears to me, therefore, that according to the spirit and intent of the law, every species of burning described and enumerated in section 138 is properly cognizable in the court of quarter sessions." The defendant voluntarily submitted his case to the quarter sessions in the hope of securing an acquital in that court, and he has not been in any degree prejudiced.

Our province is not to look for errors merely in order to re-

verse, but to look for merits in the cause of reversal, and when we find the court below has done no more than it could rightly do, and when what it did infringes no right or substantial interest of the prisoner, we ought not to send back for retrial a cause already fully, fairly and justly determined: Brown v. Com., 78 Pa. 122; Com. v. Gibbons, 3 Pa. Superior Ct. 408, 414; Shillito v. Shillito, 160 Pa. 167.

During the argument of the district attorney to the jury a controversy arose between counsel for defendant and for the commonwealth as to an alleged misstatement of a matter claimed to be material, when the court directed counsel for defendant to withhold any corrections of alleged misstatements until the close of the district attorney's argument. We do not have before us the statements of the district attorney, and even if they were on the record we could not tell, without an analysis of the whole testimony whether they are misstatements or improper inferences. It is peculiarly the discretionary duty of the trial court to see that the trial is conducted in a legal and orderly manner, and unless that discretion is abused, such an order is not the subject of an appeal. An opportunity was given the counsel for the defendant to reply and explain the alleged misstatements. When counsel transgress in such a matter, it is for the consideration of the court below, either in the charge to the jury or on a motion for a new trial: Com. v. Zappe, 153 Pa. 498; Com. v. Windish, 176 Pa. 167; Com. v. Eisenhower, 181 Pa. 470; Com. v. Smith, 2 Pa. Superior Ct. 474.

The first and second specifications of error were not pressed and the third and fourth are overruled. The judgment is affirmed.