| 212 | 293 |
| --- | --- |
| 32 SC ³ | 87 |

## Commonwealth *v.* Ezell, Appellant.

*Criminal law—Murder—Evidence—Collateral issue.*

Where the effect, if not the intention of evidence offered is to divert the attention of the jury by a collateral and subordinate issue, the matter must always be left largely in the discretion of the trial judge.

On the trial of an indictment for the murder of one railroad employee by another, when a witness for the commonwealth who was also an employee of the railroad company, was on the stand, the defense offered to show by him that after the murder and shortly before the trial, the witness had stated that "if he knew anything in favor of the prisoner it would be as much as his job was worth to mention it anywhere." The offer did not embody a statement of any fact favorable to the defense within the knowledge of the witness. The testimony of the witness in its main points agreed with that of the defense. *Held,* that as the apparent purpose of the offer was to raise in the minds of the jury a prejudice against the railroad company which was a wholly collateral issue, the discretion of the trial judge was properly exercised in refusing the offer.

*Criminal law—Murder—Arguments of counsel.*

The arguments of counsel to the jury are not assignable as error. When counsel misstate facts or material evidence, or resort to comment unfair or unduly prejudicial to the other side, it is the duty of the opposing counsel at once to call the attention of the court to the matter, and the action of the court may then become the subject of exception. In general it is matter of discretion and reviewable only for abuse.

*Practice, Q. S.—Appeals—Assignments of error—New trial—Discretion.*

The opinion and reasons of the judge in refusing a new trial and his recep-

tion or exclusion of depositions, or other proofs, in regard to after-discovered evidence are not assignable for error.

The refusal of the judge to delay an argument of a motion for a new trial is entirely within his discretion and is not assignable for error.

*Stenographers—Transcript of testimony—Delay—Order on stenographer.*

Stenographers are appointed and made part of the judicial machinery to facilitate and expedite the proceedings, not to delay them, and it is the duty of the court at all times to see that their duties are performed without delay. It is the right of counsel to have the transcript and whenever he is hindered or unduly delayed in his conduct or consideration of the case by want of it, he is entitled to move the court for an order on the stenographer to furnish it.

Argued May 8, 1905. Appeal, No. 101, Jan. T., 1905, by defendant, from judgment of O. & T. Fayette Co., Dec. T., 1904, No. 2, on verdict of guilty of murder of the first degree in case of Commonwealth v. James W. Ezell. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Indictment for murder. Before REPPERT, P. J.

At the trial it appeared that on September 10, 1904, William G. Porter, assistant yard master at Newell Station on the Pittsburg and Lake Erie Railroad, was killed by James W. Ezell, night telegraph operator at the same station. Ezell had been discharged by Porter and shortly afterwards cut the latter's throat with a razor.

Verdict of guilty of murder of the first degree upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* among others were (4) in overruling the offer of testimony of M. D. Flannagan, quoted in the opinion of the Supreme Court; (5) in refusing a new trial on the ground of improper remarks by the district attorney; (6) refusal of motion for continuance of argument on rule for new trial; (7) in holding incompetent certain expert testimony offered on rule for new trial; (8) in refusing generally to grant a new trial.

*Hal. S. Corbett* and *Leslie A. Howard,* with them *Harry A. Cottom* and *George Patterson,* for appellant.

*Alfred E. Jones,* ex-district attorney, *Davis W. Henderson,* associate counsel, and *Thomas H. Hudson,* district attorney, for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 24, 1905 :

None of the assignments of error can be sustained, and they do not require extended discussion.

The deceased was the assistant yard master, and the prisoner the night telegraph operator at the same railroad station, and the killing took place in the office of that station, about 8 : 30 P. M. on Saturday.

The condition and conduct of the prisoner on Friday night and the orders in regard to him which the deceased had received from his superior, the yard master, were part of the chain of circumstances leading up to the murder entirely proper for the information of the jury and not too remote.

One Flanagan, a witness for the commonwealth, being on the stand, the defense offered to show by him that after the murder, and shortly before the trial, the witness, an employee of the railroad company, had stated that " if he knew anything in favor of Ezell it would be as much as his job was worth to mention it anywhere; for the purpose of showing the disposition of the witness to be extremely adverse and hostile, and such duress exercised by the railroad company as would render his freedom of speech and action extremely questionable and biased to an altogether improper extent as testimony in this case." Objection to this was sustained, apparently because the counsel for the prisoner would not embody in the offer a statement of any fact favorable to the defense that they knew or suspected Flanagan had knowledge of, and because the apparent purpose of the offer was to raise in the minds of the jury a prejudice against the railroad company, which had shown a natural and entirely proper interest in the investigation of the murder of one of its employees. On this subject the learned judge in his opinion refusing a new trial, said, " the allegation that these and other witnesses of the commonwealth were intimidated by their employer, with the result that their testimony was biased and exaggerated and their attitude hostile to the defendant, is not sustained by the demeanor of these witnesses while on the stand, nor by fair consideration of their testimony along with that of the defendant himself, for in much of it there is substantial agreement. There is no intimation by this defendant, or otherwise, that there are within the knowledge of any of these witnesses any facts favorable to himself which have

been withheld." As the prejudice or bias of a witness is always a proper subject of inquiry, it would doubtless have been more prudent to have followed the general rule and admitted the offer. But where the effect, even if not the intent of the evidence offered is to divert the attention of the jury by a collateral and subordinate issue, the matter must always be left largely in the discretion of the judge, and in this case it was certainly not abused, as it is clear that there was no solid foundation for the charge of hostile bias on the part of the witness, whose testimony in the main points agreed with that of the defense.

The arguments of counsel to the jury are not assignable as error. "We have had occasion to say on several occasions within the last few years that there is no way provided for excepting to the remarks of counsel:" Com. v. Windish, 176 Pa. 167. They are under the supervision and control of the judge, who is not bound to give attention to them unless called upon to do so. If the district attorney's remarks can be made the subject of exception, then so must be those of the defendant's counsel, and the appellate court would be asked to review the trial, not on the evidence but on the talk. When counsel misstate facts or material evidence, or resort to comment unfair or unduly prejudicial to the other side, it is the duty of the opposing counsel at once to call the attention of the court to the matter, and the action of the court may then become the subject of exception. In general it is matter of discretion and reviewable only for abuse: Com. v. Windish, 176 Pa. 167; Com. v. Weber, 167 Pa. 153.

It ought not to be necessary to say again at this late day, that the opinion and reasons of the judge in refusing a new trial, and his reception or exclusion of depositions or other proofs in regard to after-discovered evidence, are not assignable for error.

The action of the judge in refusing to delay the argument of the motion for a new trial was entirely within his discretion and is not assignable here for error. But the frequency of complaints from counsel on the dilatoriness of the court stenographers in transcribing the notes of trial, give us much reason to believe that the stenographers are not always, or perhaps generally, held to the degree of promptitude and diligence that

the law intends.   They are appointed and made part of the
judicial machinery to facilitate and expedite the proceedings,
not to delay them, and it is the duty of the court at all times
to see that their duties are performed without delay.   It is the
right of counsel to have the transcript and whenever he is
hindered or unduly delayed in his conduct or consideration of
the case by want of it, he is entitled to move the court for an
order on the stenographer to furnish it.   The motion to delay
the court's action in the case is not the appropriate remedy, for
there are many other considerations that may arise on such an
application, including the general duty of the court to prevent
delay.   It sometimes happens in this court that counsel either
ask for postponement, or offer as excuse for an imperfect paper-
book, the difficulty of getting the transcript of the evidence
from the stenographer.   The proper practice in such cases is
to apply to the court below for an order on the stenographer,
and if that prove ineffective, this court at any time after the
appeal is lodged here, is open to enforce relief.

The judgment is affirmed and the record remitted to the
court of Oyer and Terminer of Fayette county for the purpose
of execution according to law.