## Commonwealth v. Nottage.

H. R. Stees, District Attorney, and E. J. Mullen, for Commenwealth.

E. J. Flynn, for defendant.

EVANS, P. J., Dec. 2, 1929.—The two indictments in this case were tried together by agreement of counsel, the indictments being the result of but one

occurrence. There was but one accident, and there should have been but one prosecution, but one indictment.

Indictment No. 4 charges the defendant that while driving an automobile Sept. 1, 1928, his car became involved in an accident and that he did not immediately stop his motor vehicle at the scene of the accident.

Indictment No. 5 charges the defendant with the commission of an assault and battery upon Ella Hartzell on Sept. 1, 1928.

The jury found the defendant guilty on both indictments.

The defendant's counsel frankly concedes in his brief for new trials, page 2, that the real questions in the case are raised by the additional reasons numbered from three to five, both inclusive.

The third reason urged why new trials should be granted is because the court overruled the objection to the testimony of Adolph Friday, a witness for the Commonwealth called in rebuttal of the testimony of Michael Andreechin, a witness for defendant.

The defense to the assault and battery charge was that the defendant was not driving his car at the time of the collision, but that Andreechin was driving the same. The latter testified in direct examination, pages 138 to 145, that he drove the car from Mt. Carmel to the place of the accident; that immediately following the accident he got out of the car and went into the brush and sat down for about twenty minutes, and then went home without returning to the car.

On cross-examination, Andreechin was asked whether he was drunk that night, and answered, "No." He was the principal witness for the defendant. His attention having been called particularly as to whether he had been drinking that night, and as to whether he had seen the witness, Adolph Friday, when he (Andreechin) came out of the brush some twenty minutes after the accident, and having said he did not see Friday, it was competent for the Commonwealth to offer testimony in rebuttal to affect the credibility of Andreechin.

In Com. v. Gayton, 69 Pa. Superior Ct. 513, it is held:

"A conviction of a person for assault and battery while operating an automobile will be sustained where it appears from the evidence that the defendant, some distance before and up to the place of the accident, drove his car at an unusually high rate of speed, zigzagged across the road, suddenly turned his car to the wrong side of the road, swerved into the ditch and struck an obstruction which threw his car in the path of an approaching car, from which a collision resulted, causing injury to the occupants of the approaching car.

"In such a case, evidence as to the defendant being in an intoxicated condition is properly admissible."

According to the defendant's theory, his companion, Andreechin, was driving the car at the time of the collision. The jury were directed to acquit the defendant if they found as a fact that Andreechin was driving the car at the time of the collision. This instruction was, perhaps, more favorable to the defendant than he was entitled to have.

When a witness has been cross-examined on matters material to the issue to which he testified in chief, his answers on cross-examination may be contradicted by other witnesses: Blauvelt v. D., L. & W. R. R. Co., 206 Pa. 141.

The fourth reason for new trials complains of the failure of the court to instruct the jury as to what construction they should place upon the argument of counsel, and that the court erroneously required the witness, Raker,

called by the defendant, to answer a question as to whether the defendant was a customer in the bank in which he (Raker) worked.

The Commonwealth's counsel had argued to the jury that they might infer that the defendant felt himself responsible for the collision because he requested the witness, Raker, to take the prosecutrix, who had been injured in the collision, to the hospital.

When this controversy occurred, the court, addressing counsel, remarked, and, of course, within the hearing of the jury: "The jury might draw such an inference; on the other hand, they might feel as though he (meaning the defendant) was a Good Samaritan; they might draw that inference."

We think this remark on the part of the court should have satisfied the zeal of defendant's counsel.

The arguments of counsel to the jury are not assignable as error. When counsel misstate facts or material evidence, or resort to comment unfair or unduly prejudicial to the other side, it is the duty of the opposing counsel at once to call the attention of the court to the matter, and the action of the court may then become the subject of exception. In general, it is matter of discretion and reviewable only for abuse: Com. v. Ezell, 212 Pa. 293; Com. v. Windish, 176 Pa. 167.

There is no contention in the instant case that counsel for the Commonwealth misstated facts.

With respect to the court's requiring the witness, Raker, to answer the question as to whether the defendant was a customer of the bank in which he worked, this neither harmed the defendant nor helped the Commonwealth.

The fifth reason assigned for new trials is that the court omitted to define the offenses charged in the indictments.

This is not the case of an ordinary assault and battery, but an assault and battery by automobile. The fact that the defendant was charged with the offense of assault and battery by automobile was explained very fully to the jury, the court saying, *inter alia:* "Assault and battery is the beating of one person by another in a rude, angry or insolent manner; that is the ordinary case of assault and battery. Understand me: in the ordinary case it is the beating of one person by another in a rude, angry or insolent manner. But that is not this case. In this case the Commonwealth contends that the assault and battery was committed by means of an automobile. As a matter of law, one who drives and operates a motor vehicle on a public highway in a careless and reckless manner and without regard to the rights of others lawfully on the highway, and drives his car against or strikes another car and injures a person riding therein, may be convicted of an assault and battery. One who wilfully drives an automobile on the public streets or upon the public highway at a rate of speed or in a manner which involves reckless disregard for the safety of other persons lawfully using the streets or highways, and by so doing causes injury to another, is guilty of assault and battery. The excessive rate of speed at which an automobile is driven is a product of the will of the driver and not the result of mere inattention or negligence. It is his voluntary act, and as such he is responsible for the result of his conduct, and there is no legal reason why the crime of assault and battery may not be committed while driving an automobile on a public highway at a rate of speed which endangers the safety of others and actually results in such injury. Gross negligence is recklessness in cases of assault and battery in which the basis of the charge is a battery by negligence. The reason for this is that the common law offense of assault and battery involves the idea of an intentional battery, and the criminal intent is supplied only when the

negligence is so gross and wanton as to give rise to the inference of malice."

The other charge, failure to stop his automobile at the scene of the accident, required no explanation. In fact, no explanation could be given, except what the statute provides. The indictment is drawn in the language of the statute.

In Com. v. Coccodralli, 74 Pa. Superior Ct. 324, it is said: "One who wilfully drives an automobile on the public streets at a rate of speed or in a manner which involves a reckless disregard for the safety of other persons lawfully using the streets, and by so doing causes injuries to another, is guilty of aggravated assault and battery."

An aggravated assault and battery, of course, includes an assault and battery, the lesser crime. However, in the indictment the defendant was only charged with assault and battery.

We are still of opinion there was no occasion in this case to press the charge for failure to stop, and in imposing sentence, the conviction on indictment No. 4 of February Sessions, 1929, will be disregarded.

We do not believe the verdicts of the jury should be disturbed.

And now, Dec. 2, 1929, the motions for new trials are overruled and new trials are refused.

From A. Francis Gilbert, Middleburg. Pa.