## Faust v. Cotner, Appellant.

178

Argued March 21, 1932.

Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Samuel Gubin* of *Cummings & Gubin*, for appellant.

*J. Fred Schaffer*, and with him *Russell S. Machmer*, for appellee.

OPINION BY CUNNINGHAM, J., May 4, 1932:

The question involved on this appeal is whether the court below erred in overruling defendant's motion for a new trial. The action was ejectment for a strip

of land (23 feet in length and 3 feet, 3 inches in width at one end, and 3 feet, 5 inches at the other) to which both plaintiff and defendant, owners of adjoining lots in the Borough of Sunbury, claimed title. The properties are divided by Spring Run, locally known as the "Gut," and the case turned upon the location of the center line of the bed of this stream; prior to the time of trial the run had been bridged with flagstones and other materials. The verdict was in favor of plaintiff for the land described in the writ and defendant's motion for a new trial, based upon several grounds, was denied. The only error assigned under this appeal is the refusal of the court below to grant a new trial because counsel for the plaintiff, in making his closing argument to the jury, indulged in statements which counsel for the defendant contend were improper and prejudicial.

Upon the record, as certified by the official stenographer, this notation appears: "Mr. Schaffer addresses the jury in behalf of plaintiff. During the argument of counsel for the plaintiff Judge CUMMINGS [of counsel for defendant] asked the court to have noted on the record the following remarks of Mr. Schaffer, counsel for plaintiff: 'There was a case tried here, the result of which you can tell by my countenance and the appearance of my face.' By Mr. Gubin [of counsel for defendant]: Counsel for the plaintiff wore a very pleasant smile. By Judge CUMMINGS: Counsel for defendant moves for the withdrawal of a juror and a continuance of the case. By the court: We will overrule the motion and note an exception and seal a bill for the defendant."

The trial was concluded March 21, 1928, and the official notes were filed August 28th. On November 26th the defendant presented, and the trial judge directed to be filed, his affidavit, under date of November 23rd, to the effect that he heard the entire argument

to the jury in this case and that counsel for plaintiff in the course thereof used this language: "Jack Stroh, the old buccaneer, came up this Gut and levied tribute on all the owners of lots along same. He got hold of the wrong man, Hiram Dreisbach. The case was tried here. It was my first case and I had Judge Bucher associated with me. I cannot tell you the result of the case, but you can tell by my countenance and the appearance of my face, the result."

On September 16, 1929, plaintiff filed an affidavit wherein he deposed that the remarks complained of were not made by his counsel in the argument of this case but in the argument of a subsequent and similar case against the defendant in which a Mrs. Rhoads and her husband were the plaintiffs. We gather from the exhibits attached to the record that the Rhoads lot is the second one south of the Faust lot and likewise abuts upon Spring Run; it also appears from the record here that the ejectment case of Nora E. Rhoads and C. W. Rhoads v. P. H. Cotner was brought to No. 309, December Term, 1927, of the court below and that its trial followed the trial of the case now at bar.

Depositions were taken upon the issue of fact raised by the affidavits: Faust, the present plaintiff, testified to the facts set forth in his affidavit; Thomas Tierney, one of the jurors in this case, testified the remarks were not made in the argument to the jury of which he was a member and, on cross-examination, stated that he heard the trial of the Rhoads case and the language complained of was there used; Howard Barnhart, a witness in both cases, testified the remarks were not made in the trial of this case but a statement "something like that" was made "in the second case, the Rhoads case." After argument on the motion for a new trial before the court in banc, an opinion was filed disposing of the various reasons assigned, including the one now under discussion. Re-

ferring to this reason the court said: "The attention of the trial judge was not called to [the remarks] at the time and at the close of the argument counsel for the defendant made a motion for the withdrawal of a juror. The remarks grew out of a case tried in this court a long number of years ago [Stroh v. Dreisbach, 551 Sept. T., 1896] and to which reference had been made during the trial by counsel for both sides. The trial judge did not recall the remarks, if made, and hence refused the motion. It is questionable, although not necessary now to decide, whether the remarks, if made as stated, constituted a sufficient ground for the allowance of the motion and the withdrawal of a juror." After reviewing the conflicting affidavits of the parties and the depositions, the court continued: "Inasmuch as the trial of the case of Rhoads v. Cotner immediately followed the close of the trial of the case of Faust v. Cotner it is not difficult to understand just how Mr. Cotner may have become confused in the recollection of the case in which the remarks were made. However, the juror who actually sat in the trial of the case and heard the argument would not be so likely to be confused. By filing his affidavit the defendant has elected to stand upon that as the basis of his motion. It is, therefore, unnecessary to refer to the record. The affidavit is opposed by all the depositions, consisting of the testimony of one interested and two disinterested witnesses. We are, therefore, constrained to accept as verity the depositions of these witnesses in preference to the ex parte affidavit of one interested witness."

This finding of fact by the court below governs the disposition of the question raised by this appeal; it is based upon competent and convincing evidence and we find nothing in the record which would lead us to doubt its correctness. The opinion might be concluded at this point, but we deem it advisable to indicate

again that the remarks complained of, even if assumed to have been made in the argument of this case, have not been brought upon the record in either of the ways essential to enable counsel to assign for error the action of the trial judge thereon. When counsel desire to have reviewed the action of a trial judge upon a motion for the withdrawal of a juror, based upon objectionable remarks of opposing counsel, they must request, in immediate connection with the making of the remarks, that they be taken down by the official stenographer, transcribed and filed of record along with the ruling of the judge upon the motion. It then becomes the duty of the judge to direct the stenographer to place upon the record the remarks of counsel as the court heard and understood them. If the application be refused, counsel may protect the interests of the client by forthwith making and filing an affidavit reciting the remarks: Com. v. Weber, 167 Pa. 153, 163; Holden v. Pa. R. R., 169 Pa. 1, 17; Com. v. Windish, 176 Pa. 167, 169; Com. v. Shoemaker, 240 Pa. 255, 259; Com. v. Del Vaccio, 299 Pa. 547, 554.

The proper practice was outlined by RICE, P. J., in Com. v. Shields, 50 Pa. Superior Ct. 1, 23. In that case it appeared by the official report of the trial that at the close of the address of Commonwealth's counsel defendant's counsel moved the court to withdraw a juror and continue the case for the alleged reason that the former had made certain improper remarks in his address, specifying them, and that the court refused the motion and noted an exception. We quote from the opinion: "This ruling is the subject of the eleventh assignment of error. There are two recognized methods of bringing remarks of counsel, in addressing the jury, upon the record so as to make the ruling of the court relating thereto subject to review. One method is to call the court's attention to them at the time, request that they be placed on the notes

of trial, and except to the court's ruling upon the motion to withdraw a juror and continue the case, or other similar motion: Com. v. Weber, 167 Pa. 163. The other method is that which was pursued in Holden v. Penna. R. R. Co., 169 Pa. 1, where the matters complained of were [immediately] brought before the court by an affidavit in support of their verity. Neither of these methods was pursued in the present case. There was the bare assertion in a motion, that counsel had made certain remarks; but this assertion was not verified in any way, nor is the truth of the assertion implied in the court's refusal of the motion. It is strenuously objected that this did not bring the remarks on the record for purposes of review, and, in the opinion of the writer, this objection is well founded, and is supported by several cases. Amongst these, I refer to Com. v. Eisenhower, 181 Pa. 470; Com. v. Windish, 176 Pa. 167 [supra]; Guckavan v. Lehigh Traction Co., 203 Pa. 521; Com. v. Smith, 2 Pa. Superior Ct. 474; Sheehan v. Rosen, 12 Pa. Superior Ct. 298; Com. v. McMahon, 14 Pa. Superior Ct. 621.''

It is equally true that in the case at bar neither of these methods was followed. It is stated in the opinion of the court below that the attention of the trial judge was not called to the alleged use of any objectionable language and that he did not recall the remarks, if made, and hence refused the motion; the affidavit was not filed until many months after the trial. Upon either of the grounds considered the assignments must be overruled.

Decree affirmed.