Com. of Pa. *v.* Chrostowski et al., Appellant.

Argued March 13, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Louis F. McCabe,* for appellant.

*Vincent A. Carroll,* and with him *Ephraim Lipschultz,* Assistant District Attorneys, and *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY JAMES, J., April 13, 1934:

Appellant, John Barr, was charged jointly with Louis Chrostowski, alias Louis Wagner, Joseph Adams and Barry Johnson, in an indictment containing counts for robbery with an offensive weapon, entering with intent to commit a felony, conspiracy and violation of the Uniform Firearms Act. Barry John-

son, Louis Chrostowski and Joseph Adams pleaded guilty and the appellant was convicted on the trial. A motion for a new trial was overruled and sentence was imposed, from which sentence this appeal was taken.

On November 7, 1932, about 10:00 A. M., six unmasked, armed bandits entered the Lehigh National Bank in the City of Philadelphia, threatened the customers and employees of the bank and escaped with a large sum of money. The only testimony submitted connecting the appellant with the crime was that of Louis Chrostowski and Barry Johnson, co-defendants, who testified that they had participated in the robbery and that the appellant John Barr was one of the men with them. The third defendant, Adams, was not called upon to testify.

The second assignment of error complains of the following portion of the charge: "The testimony of each one of these co-defendants is corroborated by the other co-defendant to the minutest detail. So that you may take the corroboration of one co-defendant by the other co-defendant, and if you do not think that is corroboration, if you do not think they are credible witnesses, of course you have no right to accept their testimony." There is no rule of law in this state that forbids a conviction on the uncorroborated testimony of an accomplice (Com. v. DeMasi, 234 Pa. 570, 572, 83 A. 601; Com. v. Elliot, 292 Pa. 16, 22, 140 A. 537; Com. v. Howe, 84 Pa. Superior Ct. 295, 297) but that the testimony of one accomplice can not be taken as corroboration of another accomplice was squarely decided in the case of Com. v. Simon, 44 Pa. Superior Ct. 538, 543. In an exhaustive opinion by the late Judge MORRISON, wherein he referred to the textbook authorities and opinions of our courts, he concluded his discussion of the question involved in the following language: "Many additional cases might be cited

from other states to the effect that if two or more accomplices are produced as witnesses, they are not deemed to corroborate each other. We, therefore, conclude that the learned judge erred in his instruction to the jury as set forth in the paragraph above quoted from the fourth assignment to the effect that the testimony of Stewart was, of course, very positive corroboration, if you believe it. So much of the fourth assignment as is above quoted is sustained." The second assignment of error in the case at bar is sustained.

The first assignment of error complains of the following portion of the charge: "The law says to you that you must scrutinize with great care the testimony of a co-defendant *when uncorroborated,"* complaining particularly as to the expression "when uncorroborated." (Italics ours.) Although the usual language in the opinions of our courts in discussing this question is placed in the positive sense, to wit, "unless corroborated," we find no reason for complaint when it is placed in the negative sense, to wit, "when uncorroborated," as it amounts to one and the same thing. This assignment is not sustained.

The fifth assignment of error complains of the refusal of the court to affirm the following point: "(1) While the law permits a conviction on the testimony of a confessed accomplice, yet it looks with disfavor on this character of proof, and because the source of such evidence is corrupt, it is usual and correct practice to admonish the jurors not to rely upon it unless corroborated." As stated, it is a correct proposition of law, as it is in the exact language of former Chief Justice VON MOSCHZISKER in Com. v. Elliot, supra, at page 23, citing as authority Kilrow v. Com., 89 Pa. 480, 488, and Ettinger v. Com., 98 Pa. 338, 344, 345, but the extent of the admonishment is a matter within the discretion of the trial judge although it is a time honored rule that the court shall caution jurors against

convicting upon the testimony of an uncorroborated accomplice: Com. v. Williams, 275 Pa. 58, 65, 118 A. 617.

The court, in the preliminary portion of his charge, cautioned the jury against convicting upon the testimony of an uncorroborated accomplice in the following language: "Counsel argues to you that it is dangerous to take the testimony of a co-defendant. The law says to you that you must scrutinize with great care and caution the testimony of a co-defendant when uncorroborated." It was unnecessary for the court to further amplify this statement by the affirmance of the point submitted, as the proposition covered by the point was already covered by the charge, and would have been a mere repetition of what had already been said: Com. v. Doris, 287 Pa. 547, 553, 145 A. 313.

The seventh assignment of error complains that the trial judge erred in refusing to grant defendant's motion for a continuance. When the case was called for trial, counsel for defendant moved to continue on the ground that a man named Walden, who was confined in a jail at Washington, D. C., confessed that he was implicated in this crime but counsel was uncertain as to whether he would testify that Barr was not connected with the crime. Under these uncertain conditions and without a petition under the Act of April 29, 1909, P. L. 258 (19 PS 611), to take the deposition of the absent witness, we find no abuse of discretion in the action of the court: Com. v. Hazlett, 16 Pa. Superior Ct. 534.

There is no merit in defendant's contention that the evidence was not sufficient to sustain a conviction as the jury could have convicted upon the uncorroborated testimony of the accomplices.

The second assignment of error is sustained and the judgment is reversed with a venire facias de novo.