## Commonwealth *v*. Mika, Appellant.

Argued January 14, 1935. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

488

*Walter Thomas,* with him *Thomas J. Minnick, Jr.,* for appellant.

*Vincent A. Carroll,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee, were not heard.

OPINION BY MR. JUSTICE MAXEY, February 6, 1935:

This is an appeal from the judgment and sentence of the Court of Oyer and Terminer of Philadelphia County upon a verdict of murder in the first degree with the penalty fixed at death.

The facts of the murder of which appellant stands convicted are set forth in the opinion filed by us this day in the case of Com. v. William Talarico, 317 Pa. 481.

Mika was arrested in Yonkers, N. Y., on September 6th. He made a confession in which he admitted pointing his gun at the officer's back and shooting him as the officer turned around and as he was lying on the steps of the bank. He implicated four others in the crime.

The first assignment of error relates to certain remarks of the prosecuting attorney, as follows: "Supposing you had been there that night, supposing you had been crossing the street there, if you had a gun in your hand, if you as a decent citizen saw this man murdered, if you had a

gun in your hand and you shot this defendant for his crime, if you had taken the life from him which he has forfeited by his own act, if you had shot him as he fled from the scene, you would have been applauded by all the citizens and the coroner would have given you a certificate of credit for your conduct in this matter." While such remarks by prosecuting attorneys are not found in models of court-room arguments, they do not constitute reversible error. Furthermore, these remarks were not properly objected to at the time they were made nor were exceptions taken to them. There is an established method of procedure which must be followed by a party who wishes to make objectionable remarks of counsel a basis for an appeal. Following the objection and request for the withdrawal of a juror, the court should direct the stenographer to place upon the record the remarks as the court understood them; on his failure to do so, counsel may place the remarks on the record by affidavit. Whichever course is pursued the objection and request for the withdrawal of a juror should be made at once, as soon as the objectionable language is used. See Com. v. Weber, 167 Pa. 153, 31 A. 481, and Com. v. Wilcox, 316 Pa. 129, 173 A. 653.

The second assignment of error is based on the court's permitting the assistant district attorney to display the clothing of the deceased and the firearms used in the homicide. This clothing and the firearms being in evidence in this case, there was no error in the district attorney's referring to and handling them during his address. It was the duty of the trial judge to see that this was done within the limits of court-room propriety. We find nothing in the record of this case which indicates that the clothing and the firearms were exhibited in any improper manner. This assignment is overruled.

We find nothing in the other assignments of error which requires discussion.

In killing Officer Wilson, appellant and his confederate William Talarico committed a cruel and cowardly mur-

der for which any penalty short of death would be inadequate. While this court will ever be vigilant in safeguarding the fundamental right to due process of law of those on trial for any crime, no matter how atrocious, it will not impede the march of just retribution by magnifying slight errors and possible breaches of good taste into reversible errors.

All of the assignments of error are overruled.

The judgment is affirmed and the record remitted for the purpose of execution.