Commonwealth *v.* Lynott, Appellant.

Argued September 29, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*R. P. Campbell,* with him *Earl V. McLaughlin,* for appellant.

*John W. Murphy,* Assistant District Attorney, with him *Michael J. Eagen,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., December 20, 1938:

Appellant was convicted and sentenced upon an indictment charging him with having obtained $75 from Charles S. Dunn by means of certain false pretenses therein specified. He has appealed for a new trial solely upon the ground that the learned trial judge, LEACH, P. J., erred in refusing the motions of his counsel for the withdrawal of a juror because the assistant district attorney, during his closing address to the jury, made two remarks which appellant contends were improper and highly prejudicial.

It is not necessary to recite the details of the evidence in behalf of the Commonwealth, but an understanding of the background of the remarks is essential to the proper disposition of this appeal. There was competent evidence before the jury which, if credible, established these facts:

In September, 1936, the automobiles of Charles S. Dunn, the prosecuting witness in this case, and one, E. B. Rogers, were in collision. Dunn brought a civil suit against Rogers to recover damages for personal injuries; the trial resulted in a verdict in Dunn's favor, but for an amount which he deemed inadequate. While his motion for a new trial was pending, Lynott, the present appellant, sought and obtained an interview

with him at which Lynott told Dunn the jury in his suit for damages had been "fixed" against him; that the parties involved were afraid of prosecution; and that if Dunn would pay him $150 he could get an affidavit from Rogers which would give Dunn the information he needed to support his motion for a new trial. Upon Dunn's refusal to pay that much, Lynott agreed to obtain the affidavit for $60. Dunn then paid Lynott the reduced amount and later gave him several small sums. Some weeks later Lynott showed Dunn a carbon copy of the body of an affidavit and told him Rogers had signed and sworn to the original and that the signed and verified copy was in "safe hands." The substance of the contents of the unsigned paper shown Dunn was that during the trial of the damage suit an insurance adjuster had given Rogers a sum of money in a building opposite the courthouse, which money "was brought over to the courthouse and given to a juror." Lynott never produced the promised affidavit which he represented was "in safe hands" and for the production of which he obtained Dunn's money.

Appellant admitted he had shown Dunn a copy of an affidavit and told him Rogers had signed the original, but his defense that he had not sought out, but had been approached by, Dunn and employed by him to investigate certain suspicious circumstances surrounding the trial of the damage case at a per diem rate of $10 for each day required to make the investigation, and that Dunn had paid him $75 before any mention was made of a proposed affidavit from Rogers, was not believed by the jury. Rogers testified he never gave Lynott, or any other person, an affidavit of the character alleged by the latter, and the only written statement made by him in connection with the civil suit was his statement to his own insurance company.

The assignments of error are based upon the portion of the record following the closing addresses of counsel

for the respective parties and preceding the charge. It reads: "Mr. McLaughlin, (counsel for defendant) : 'The district attorney in his closing address to the jury called the defendant a thief. I object to the district attorney calling the defendant a thief, and ask that a juror be withdrawn.' The court: 'The motion is denied. The counsel for the defendant and the district attorney, instead of calling the prosecutor a liar and the defendant a thief, should have a better idea of an address to the jury. Exception noted for the defendant.' Mr. McLaughlin: 'I also wish to put upon the record the last remark of the district attorney to the effect that rendering a verdict in this case will teach people not to tamper with jurors.' The court: 'I didn't hear him make that remark. Did you make that remark?' Mr. Edwards, (assistant district attorney) : 'Thomas Lynott, I think I said.' The court: 'Do you have an objection on the record?' Mr. McLaughlin: 'I object to it and ask that a juror be withdrawn.' The court: 'Motion denied. Exception noted for the defendant.' "

In the course of its opinion refusing a new trial the court below said: "Both counsel for the defendant and the district attorney were reprimanded by the court, the defendant's counsel for calling the prosecutor a liar, and the district attorney for calling the defendant a thief. Such conduct cannot be condemned too strongly but we believe that it was properly taken care of by the reprimand. The motion to withdraw a juror on the ground that the district attorney stated that Lynott should be kept out of the courthouse and prevented from tampering with jurors was not made until after the close of the district attorney's remarks. They were not heard by the court."

It appears from the record, and is not questioned by counsel for appellant, that neither motion to withdraw a juror was made when the alleged improper remark was uttered, coupled, as it should have been, with a re-

quest that the words, as the trial judge heard and understood them, be placed by the official stenographer upon the record to the end that error might properly be assigned if the motion was denied. Nor did counsel for appellant adopt the alternative method of placing the remarks upon the record by affidavit. See *Com. v. Wilcox*, 112 Pa. Superior Ct. 240, 170 A. 455, affirmed 316 Pa. 129, 173 A. 653; *Com. v. Del Vaccio*, 299 Pa. 547, 149 A. 696; *Com. v. Windish*, 176 Pa. 167, 34 A. 1019; *Com. v. Ezell*, 212 Pa. 293, 61 A. 930; *Com. v. Shields*, 50 Pa. Superior Ct. 1, 24; and *Com. v. Trimarchi*, 133 Pa. Superior Ct. 307, 2 A. 2d 540.

We have no means of ascertaining the exact words used by the prosecuting officer—let alone their context. But we shall not apply the strict rule of many of the cases and decline to consider the assignments, particularly in view of the above quoted admission of the assistant district attorney with respect to his reference to jury tampering.

Assuming the remarks were made as asserted by appellant's counsel, the method adopted by the trial judge in dealing with the situation must be considered. Under all the cases, "The question of withdrawal of a juror and continuance of a case ...... rests in the discretion of the trial judge, who, on request, should direct the jury to disregard the remarks. But if in the opinion of the trial judge the circumstances are such that this instruction cannot entirely eradicate the unfavorable influence of the remarks, he should grant a continuance. His action will not be reversed by the appellate court unless clear abuse of discretion appears." Sadler's Criminal Procedure in Pennsylvania, 2d. ed. Vol. 2, p. 633, Section 564.

The moment the attention of the trial judge was called to the alleged improprieties, his rebuke in the presence of the jury to counsel on both sides was prompt, sharp, and to the point. Reversals are rather

unusual where the improper statement of a district attorney was made in reply to an improper remark of counsel for defendant; *Com. v. Tauza,* 300 Pa. 375, 150 A. 649. Counsel for appellant complain in their brief that the jury was not specifically warned to disregard the remarks. They were afforded, but declined, an opportunity to request that such warning be given when the trial judge at the conclusion of his charge said: "Gentlemen, have I misstated the testimony in any way or is there any point on which I have neglected to charge?"

We agree with the court below that the remarks complained of should not have been made, but, taking into consideration the fact that obtaining money by a false pretense is at least akin to larceny, and noting the evidence tending to show that appellant, claiming to have knowledge that a jury had been "fixed," attempted to capitalize upon his alleged knowledge instead of reporting the matter to the court, we are not persuaded that the trial judge abused the discretion vested in him when he denied the motions for the withdrawal of a juror.

Judgment affirmed; and it is ordered that the appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence, or any part thereof which had not been performed at the time the appeal in this case was made a supersedeas.