Commonwealth *v.* Morrison, Appellant.

Argued April 9, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Henry C. Baur*, with him *J. Elmer Reed*, for appellant.

*Wayne A. Gleeten*, Assistant District Attorney, with him *Burton R. Laub*, District Attorney, for appellee.

OPINION BY RENO, J., July 19, 1945:

Appellant has taken these appeals from the judgments and sentences on verdicts of guilty on two bills of indictment charging sodomy. For obvious reasons, no more of the Commonwealth's evidence will be here detailed than is necessary to the disposition of the questions raised by the appeals. Its sufficiency to support the verdicts is not challenged by appellant's statement of the questions involved in the appeals.

Appellant was the organizer and adult supervisor of a boys' club known as the Mound Builders, having as its object the collection and study of Indian relics to be found in the vicinity of Erie. One of the Commonwealth's witnesses testified that an offense had been committed upon him in appellant's home, where he said he stayed overnight after the club had met there for an evening session of mounting relics for display. On cross-examination, appellant's counsel was prevented from asking the witness whether he had helped mount the relics "or were you smoking dope cigarettes and drinking stale cider that you found in the cellar that evening?" The court also excluded a question to the witness whether appellant had not in fact taken him toward his own home that evening but that instead of going home the witness had jumped out of the car, announcing he was going to sleep with a girl. These questions were found objectionable upon the authority of *Com. v. Payne*, 205 Pa. 101, 54 A. 489, and kindred cases which hold that the credibility of a witness may not be assailed by questions which develop instances of misconduct unrelated to the issue on trial. This rule is not applicable to the questions propounded by appellant's counsel. The questions were related to events upon which the Commonwealth was relying for conviction. The first question was unobjectionable because it was asked for the purpose of attacking the credibility of the witness by showing that at the time of the event to which he testified his powers of observation and

memory were impaired, so that his recollection and account of the experience might be inaccurate; and the second question was proper because it was intended to contradict the direct testimony of the witness by having him acknowledge that he was not at appellant's home at the time he had originally alleged one of the offenses to have occurred. However, appellant was not harmed by the action of the court, and its error was cured by the subsequent course of the trial. The same witness admitted later in the trial, that he had drunk some hard cider at appellant's home during the evening in question; and he further admitted that he had been taken in the direction of his home by appellant but that he had left the car before arriving there with a remark to the effect that he was going to see a girl; and he also acknowledged that he had not in fact spent that night at appellant's house as he had previously asserted. *Com. v. Danz,* 211 Pa. 507, 60 A. 1070; *Com. v. Reed,* 152 Pa. Superior Ct. 249, 31 A. 2d 595; *Com. v. Glickstein,* 151 Pa. Superior Ct. 421, 30 A. 2d 147.

Appellant's objection to the inadequacy of the charge of the court on the subject of the weight to be given the testimony of accomplices is without merit. One who voluntarily submits to unnatural carnal knowledge is an accomplice within the meaning of the rule requiring special treatment to be given to testimony emanating from such a doubtful source. *Com. v. Howe,* 84 Pa. Superior Ct. 295; *Com. v. Vasilion,* 70 Pa. Superior Ct. 174. The evidence was conflicting on the question whether the boys involved participated willingly in the offenses, and consequently it was proper to leave to the jury the determination of whether they were or were not accomplices. *Ettinger v. Com.,* 98 Pa. 338; *Com. v. Brown,* 116 Pa. Superior Ct. 1, 175 A. 748. As the conviction rests upon the uncorroborated testimony of the boys, and as it was possible that they were accomplices, it was the duty of the court, even without a specific request to do so, to instruct the jury to scruti-

nize their testimony closely and to accept it with caution if it found the witnesses to have been implicated in the criminal acts. *Com. v. Beck,* 137 Pa. Superior Ct. 410, 9 A. 2d 175. However, there is no rule of law forbidding a conviction on the uncorroborated evidence of accomplices if it is credible to the finders of fact, and the extent to which a jury should be admonished concerning such testimony is a matter largely within the discretion of the trial court. *Com. v. Elliott,* 292 Pa. 16, 140 A. 537; *Com. v. Chrostowski,* 112 Pa. Superior Ct. 466, 171 A. 901; *Com. v. Robinson,* 148 Pa. Superior Ct. 61, 24 A. 2d 694. Actually, the charge was more favorable to appellant than it need have been, for the jury was told it could convict if it believed the uncorroborated testimony of the boys to be "absolutely true", while the burden on the Commonwealth, as in all criminal cases, was merely to satisfy the jury of defendant's guilt, not absolutely, but beyond a reasonable doubt. *Com. v. Vasilion,* supra.

The remaining complaint embraced within appellant's statement of questions involved, which limits the scope of our review, *Com. v. Attarian,* 129 Pa. Superior Ct. 31, 194 A. 776, is that the court below erred in permitting the district attorney to interrupt counsel's summation to the jury for alleged misquotations of the evidence. The speeches of counsel are subject to the supervision of the trial judge, whose duty it is to confine the arguments within the bounds of legitimate advocacy. *Com. v. Windish,* 176 Pa. 167, 34 A. 1019; *Com. v. McMahon,* 14 Pa. Superior Ct. 621. When offending remarks are made, there must be an immediate objection followed by a motion to withdraw a juror, and the court's action on the motion, after the remarks are placed upon the record at the court's direction or by affidavit, is subject to review for abuse of discretion, but a party may not sit by passively and invite errors which might readily be corrected if prompt attention were brought to them at the trial and then argue in

the appellate courts that he has been prejudiced. *Com. v. Mika,* 317 Pa. 487, 177 A. 3; *Com. v. Ezell,* 212 Pa. 293, 61 A. 930; *Com. v. Wilcox,* 316 Pa. 129, 173 A. 653, affirming, per curiam, 112 Pa. Superior Ct. 240, 170 A. 455. Here no request was made for the exercise of the disciplinary powers of the court, but the court on its own motion instructed the jurors to decide the case upon their recollection of the evidence and to resolve conflicts in the testimony for themselves. Under the circumstances this admonition was more than adequate. *Com. v. Turza,* 340 Pa. 128, 16 A. 2d 401; *Com. v. Westwood,* 324 Pa. 289, 188 A. 304; *Com. v. Bubnis,* 197 Pa. 542, 47 A. 748.

All assignments of error are overruled; the judgments are affirmed; and it is ordered that appellant appear in the court below at such time as he may be there called and that he be committed by that court until he shall have complied with his sentence, which had not been served at the time his appeal was made a supersedeas.