Argued October 7, 1949.
The first question involved in this appeal from the judgment of sentence of Arthur Ventura, following his conviction of the crime of burglary, is whether the court erred in admitting the testimony of John Romito, an accomplice, and in its charge in respect thereof.
The defendants were charged with having burglarized the Snee Dairy Company plant in Washington, Washington County, Pa., October 21, 1946. Romito entered a plea of guilty to the charge, and the case against Ventura is based almost entirely on the testimony of his accomplice. At the conclusion of the Commonwealth's case, defendant moved for a directed verdict and the motion was overruled. The defense then rested and the jury returned a verdict of guilty.
The chief burden of defendant's complaint on this appeal from the refusal of his motion for a new trial is that the relaxing in the more recent decisions of the Supreme Court and of this Court of the rule in Watson v. Commonwealth, 95 Pa. 418, in respect of the testimony of an accomplice, "should be reviewed."
In the most recent opinion on the question the Supreme Court, speaking through Mr. Chief Justice MAXEY, in Commonwealth v.Bubna, 357 Pa. 51, 66, 67, 53 A.2d 104, said:
"The third assignment of error relates to the charge of the court on the subject of the amount of credibility to be given to the testimony of an accomplice to the crime. The court said: `When an accomplice of an accessory testifies you should view that testimony with close scrutiny, especially with respect to any part where it is uncorroborated . . . It is not necessary that you discard it. It is not proper that you should, but the *Page 160 
circumstances surrounding that testimony or of any testimony, for that matter, must be taken into consideration by you in arriving at the credibility that you are to give it and the reliance that you will place upon it.'
"While it is the better practice for a trial judge to explain to a jury why the testimony of an accomplice should be considered with `close scrutiny', i.e., carefully and critically, it is reasonable to believe that the average juror possesses sufficient intelligence to understand without specific instructions why the testimony of an accomplice is to be viewed with some suspicion and why it is not to be accepted unless it carries with it a clear conviction of its truthfulness. It is a matter of general knowledge that partners in crime are likely when apprehended to cast the chief blame on each other. It is also equally well known that partners in crime sometimes do tell the truth as to the commission of the crime. The administration of justice in criminal cases would be seriously handicapped if there was any rule that the testimony of an accomplice could not be received, or that it alone would never be sufficient to justify a conviction."
See, also, Commonwealth v. Morrison, 157 Pa. Super. 366,43 A.2d 400; Commonwealth v. Billingsley, 160 Pa. Super. 140,50 A.2d 703.
In the instant case the trial judge said: "By his testimony he [John Romito] admits that he took a part in the burglary of the Snee Dairy, and for that matter many others, and that he took away part, or at least received a part of the proceeds of that burglary. So that, while he testifies that Arthur Ventura was also engaged in the burglary, and they went there by agreement to do that, he, by his own admission, is an accomplice or committed a crime himself in the carrying out of this burglary and larceny. He thereby brings himself within the class of witnesses known as accomplices *Page 161 
whose testimony deserves and requires particular scrutiny because of the source or character of the witness giving this testimony. A jury may, if they believe his testimony, accept it as true and may base their verdict upon it, if they are satisfied beyond a reasonable doubt of the guilt of Arthur Ventura. However, before doing that, they should most carefully scrutinize all of his testimony, bearing in mind that he, by his own evidence, is an accomplice and a criminal and also had a criminal record and took part in this crime and performed certain acts in carrying it out." While the court perhaps should have charged a little more fully on the subject, in response to the request of counsel, we do not deem the charge so inadequate as to amount to an abuse of discretion and thereby constitute reversible error. Commonwealth v. Elliott,292 Pa. 16, 140 A. 537.
As to the second question involved, Romito testified on direct examination to only one visit to the scene of the burglary, to wit, the night or early morning of the commission of the crime. On cross-examination it developed that he had been taken back to the scene of the crime a few months prior to the trial of the case. He was able to refresh his recollection by what he saw at that time. Counsel for Ventura then insisted on his right to cross-examine him in great detail as to the identity and features of the State Police and the Pittsburgh Police who were with him. We feel that the scope of the cross-examination was within the discretion of the trial judge and that counsel, having shown that Romito had revisited the scene of the crime, accomplished his purpose and was in position to argue to the jury that it was the subsequent visit that enabled him to testify so accurately as to the layout on the night of the burglary.
Judgment affirmed. *Page 162