## Commonwealth *v.* Kerr, Appellant.

Argued April 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Alexander Negley,* for appellant.

*Clark H. Painter,* District Attorney, for appellee.

PER CURIAM, July 17, 1952:

Defendant has appealed from the judgment and sentence of the Court of Quarter Sessions of Butler County on a verdict of guilty of the charge of operating a motor vehicle during a period of suspension of his operating privileges. See Act of May 1, 1929, P. L. 905, Article VI, §620 (h), as amended, 75 PS §231 (h). The only questions presented on this appeal relate to alleged improper remarks by the trial judge and the district attorney in the presence of the jury.

The alleged remarks of the trial judge and the district attorney were not made a part of the record. No action during the course of the trial was taken by defendant's counsel relative to an alleged remark of the trial judge. Although he objected to remarks made by the district attorney in the latter's summation to

the jury, he did not then move for the withdrawal of a juror, but the following day he moved for a mistrial. The alleged prejudicial remarks were set out in defendant's motion for a new trial, which motion was refused.

In general whether a juror should be withdrawn and a case continued because of alleged improper remarks of counsel made during a trial lies within the sound discretion of the trial court. Our appellate courts have on numerous occasions detailed the proper procedure to be followed in order that the action of the trial court on a motion to withdraw a juror for such reason may be reviewed on appeal for abuse of discretion. It is the duty of defendant's counsel to immediately object to the remarks and request the withdrawal of a juror; the trial judge should then direct the court stenographer to place upon the record the remarks as heard by the court; on his failure or refusal to do so counsel may place the remarks on the record by affidavit. *Com. v. Mika,* 317 Pa. 487, 489, 177 A. 3; *Com. v. Morrison,* 157 Pa. Superior Ct. 366, 370, 43 A. 2d 400; *Com. v. Lynott,* 133 Pa. Superior Ct. 565, 568, 569, 3 A. 2d 207; *Com. v. Wilcox,* 112 Pa. Superior Ct. 240, 249, 250, 170 A. 455, affirmed 316 Pa. 129, 173 A. 653. As the present record does not contain the alleged improper remarks, it affords no basis on which review can be predicated.

The judgment and sentence are affirmed; and it is ordered that defendant appear in the court below at such time as he may be there called, and that he be committed by that court until he shall have complied with his sentence, which had not been served at the time his appeal was made a supersedeas.