Ross, Appellant, *v.* Crisanti.

118

Argued March 26, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Bertram U. Weinberg,* with him *Maurice G. Weinberg,* for appellant.

*David Kanner,* for appellees.

OPINION BY RHODES, P. J., July 17, 1952:

This is an appeal from an order of the court below granting a new trial on defendants' motion following a jury verdict for plaintiff. Plaintiff would have us reverse the order and direct the entry of judgment on the verdict on the ground that the court below committed a palpable abuse of discretion.

This was an action in assumpsit by plaintiff to recover for work performed and material furnished to defendants. Plaintiff, a building contractor, and defendants entered into a written contract which provided for the renovation and alteration by plaintiff of a building owned by defendants. The contract price was $6,000; plaintiff received $4,700 on account during the progress of the work. Plaintiff alleged a balance of $1,300 due him under the contract, and $862.15 for

extras verbally requested by defendants, or a total of $2,162.15. Defendants in their answer averred that plaintiff had not completed the work in accordance with the contract, that much of the work was done in a defective manner, and that a reasonable price for the extra work performed was $50. Defendants also filed a counterclaim in the amount of $2,258, claiming $143 for incomplete work, $855 for work defectively performed, and $1,260 for loss of rentals of two apartments in the building as a result of plaintiff's failure to complete the work by July 1, 1949. During the trial, which lasted two days, plaintiff abandoned his claim for extra work. The jury returned a verdict for plaintiff in the amount of $954.66, and found for plaintiff on defendants' counterclaim.

The court below in its opinion granting defendants' motion for a new trial said:

"The record discloses that all the evidence except the written contract was oral and that much of it was presented in a manner which tended to confuse the jury, and the trial was thus unnecessarily strung out by useless and repetitious examination.

"Therefore, the court en banc unanimously concluded that in the interest of justice a new trial was necessitated."

The question presented on this appeal is whether it was a palpable abuse of discretion for the court below to grant a new trial under the circumstances.

It has long been recognized, as said in *Frank v. Bayuk*, 322 Pa. 282, 185 A. 705, that an award of a new trial is an inherent power of the trial court and entirely discretionary, and that such order will not be reversed unless there is a clear error of law or palpable abuse of discretion. The principles governing the scope of appellate review of an order granting a new trial have been discussed and set forth in numerous

opinions. See *Class & Nachod Brewing Co. v. Giaco-bello*, 277 Pa. 530, 121 A. 333; *March v. Philadelphia & West Chester Traction Co.*, 285 Pa. 413, 132 A. 355; *Athas v. Fort Pitt Brewing Co.*, 305 Pa. 350, 157 A. 677; *Weinfeld v. Funk*, 342 Pa. 160, 20 A. 2d 206; *Kerr v. Hofer*, 341 Pa. 47, 17 A. 2d 886. But recent decisions of the Supreme Court seem to go a long way from previous pronouncements.

In *Beal v. Reading Company*, 370 Pa. 45, 48, 87 A. 2d 214, 216, in an opinion by Mr. Justice ALLEN M. STEARNE, our Supreme Court said: "One who seeks to reverse the action of a trial court in granting a new trial assumes a heavy burden. Appellate courts are reluctant to interfere with such exercise of judicial discretion. It is only where such discretion has been exercised capriciously, arbitrarily, improvidently or has been palpably abused that we will reverse. A trial court, however, must give reasons for its action, otherwise an appellate court would be unable to review such action. Mere conclusions such as 'interests of justice' are insufficient." In that case the court below failed to give its reasons for granting defendant's motion for new trial, stating only its conclusion that "the interests of justice require a retrial." Consequently, as the Supreme Court said, it was "obliged to examine the entire record to determine whether any valid reason exists for disturbing the jury's verdict: Bellettiere v. Philadelphia, 367 Pa. 638, 81 A. 2d 857; Carroll v. Pittsburgh, 368 Pa. 436, 84 A. 2d 505; Decker v. Kulesza, 369 Pa. 259, 85 A. 2d 413."

In the present case the observation that a trial judge who sees and hears the witnesses is better able to decide the proper course to be pursued than an appellate court is especially applicable. *March v. Philadelphia & West Chester Traction Co.*, supra, 285 Pa. 413, 418, 132 A. 355. The order will be affirmed as

we are not persuaded that the court below abused its discretion. See *Campbell v. Philadelphia Transportation Co.*, 366 Pa. 484, 77 A. 2d 437. We think the court below was justified in expressing the opinion that much of the evidence was presented in a manner which tended to confuse the jury. It is obvious that the issues involved were not developed in a logical and orderly way. Moreover, the case was not dispassionately tried. Frequently the trial judge was obliged to interrupt counsel and admonish them to proceed properly. In order to produce a semblance of order and clarity, the trial judge conducted his own examination of some of the witnesses. A considerable portion of the testimony was devoted to an attempt to establish plaintiff's claim for extra work; the claim was then withdrawn. The written contract contained no provision as to time of performance. The evidence as to what was a reasonable time was vague and indefinite; and the date on which the work was completed is not clear. Both sides injected testimony of conversations which were alleged to have taken place between them relative to an agreed time for completion. Plaintiff's own testimony was contradictory as to any delay in the performance of the work. The contract required plaintiff to perform the work "in a first class workmanlike manner." The testimony in this respect was not merely contradictory; on this issue the evidence was fragmentary and inconclusive.

An examination of the record would justify the conclusion that any verdict predicated on it would constitute a guess or an arbitrary compromise. Where a trial court believes and the record shows that a new trial is necessary in order to resolve conflicts and confusion existing in the testimony (*Hoban v. Conroy*, 347 Pa. 487, 32 A. 2d 769) or because the fragmentary nature of the proofs makes the verdict largely conjectural

(*Pera v. Harrisburg Railways Co.*, 281 Pa. 203, 126 A. 349), the court's conclusion that a new trial will be in the interest of justice is a valid exercise of its discretionary power.

Order is affirmed.