## Commonwealth *v.* Popp. et al., Appellants.

*Practice C. P.—Granting of new trial—Discretion of lower court—Directed verdict.*

The trial judge cannot be required to entertain a motion to direct a verdict of acquittal until the conclusion of all the testimony.

The granting of a new trial is in the discretion of the trial court. On appeal the trial court will not be reversed except for plain error, or abuse of discretion. Matters not raised in the trial in the court below will not be considered on appeal.

Argued October 22, 1925. Appeal No. 31, April T., 1926, by defendant from judgment and sentence of Q.

194    COMMONWEALTH *v.* POPP et al., Appellants.

Statement of Facts—Opinion of the Court.    [87 Pa. Superior Ct.

S. Allegheny County, February Sessions, 1921, No.
942, in the case of Commonwealth v. Gabor D. Popp
et al. Appeal of Gabor D. Popp. Before PORTER,
HENDERSON, TREXLER, KELLER, LINN and GAWTHROP,
JJ. Affirmed.

Indictment for embezzlement. Before REID, J.
The opinion of the Superior Court states the case.
Verdict of guilty, on which judgment of sentence was
passed. Defendants appealed.

*Error assigned* was, among others, the court's re-
fusal to direct a verdict for the defendants.

*A. C. Purdy,* of *Scott and Purdy,* for appellant.

*Benjamin Lencher,* Assistant District Attorney, and
with him *Samuel H. Gardner,* District Attorney, for
appellee.

OPINION BY TREXLER, J., February 26, 1926:
There are two assignments of error. The first
charges the court with error in refusing the defen-
dant's motion at the close of the Commonwealth's case,
to the effect that the court direct a verdict for the
defendants. This motion was overruled. The trial
judge cannot be required to entertain a motion to
direct a verdict of acquittal until the conclusion of all
the testimony. This matter was fully discussed in
Commonwealth v. Sonis and Sonis, 81 Superior Ct.
205, by our Brother PORTER, now President Judge, and
it will not be necessary to repeat what was there said.

The second assignment is directed to the refusal of
the court to grant a new trial. The granting of a new
trial is in the discretion of the trial court. It will not
be reversed except for a plain error or abuse of dis-
cretion. Class and Nachod Brewing Co. v. Giacobello,
277 Pa. 530. We have read the record and the verdict

was fully justified by the testimony.   Furthermore, in all the reasons assigned for a new trial in the court below, there is no suggestion that the court committed an error such as is referred to in the argument on appeal.   The uniform rule in the appellate courts is: they will not consider matters that have not been raised in the trial in the court below.   As there is nothing properly before us in this case, we sustain the judgment without further consideration of the questions presented by the appellant.

The assignments of error are overruled.   The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.