## Com. *v.* Trimarchi, Appellant.

308

Argued September 28, 1938.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Samuel H. Jubelirer,* for appellant.

*Edwin M. Clark,* District Attorney, and *B. A. Sciotto,*
Special Deputy Attorney General, for appellee.

OPINION BY PARKER, J., November 22, 1938:
This is an appeal by a defendant from a sentence

after verdict for selling beer to a minor. The defendant, as the sole ground for reversal, contends that he is entitled to a new trial because the district attorney in his opening address to the jury made irrelevant remarks that were prejudicial to the rights of the defendant. We are all of the opinion that the judgment should be affirmed.

At the conclusion of the district attorney's opening address to the jury, counsel for defendant made this motion: "We ask for the withdrawal of a juror on account of the prejudicial introductory remarks made by the District Attorney, Mr. Clark, who in opening the case stated that a man was killed, referred to the coroner's inquest, and that Shockey and the deceased purchased beer and started home, their car was wrecked, and the man was killed, and that is how this case came into court; the inquest recommended this prosecution. We say these remarks, introductory remarks, by the district attorney are prejudicial, because the defendant is being tried for a violation of selling alcoholic beverage to a minor, and from the remarks made they cannot help be prejudicial in bringing in the fact that someone was killed, some of the jurors would have that in their minds, and it couldn't help but prejudice the case of the defendant who is not charged with the death of someone by reason of the sale of alcoholic beverages."

The trial judge refused the motion but at the same time cautioned the jury that it must confine its attention to the charge in the indictment of selling malt liquor to a minor and that it must not be prejudiced by any extraneous matters that came to its attention in the course of the trial. After the defendant was found guilty the court refused a motion for a new trial.

It has frequently been said by the appellate courts that the district attorney is a quasi judicial officer, that in representing the Commonwealth he should seek only equal and impartial justice and that it is as much his

duty to see that no innocent man suffers as it is to see that the guilty shall not escape. He should present the Commonwealth's case to the jurors fairly. "When he exceeds this limit, and in hot zeal seeks to influence them by appealing to their prejudices, he is no longer an impartial officer, but becomes a heated partisan": *Com. v. Nicely,* 130 Pa. 261, 270, 18 A. 737; *Com. v. Bubnis,* 197 Pa. 542, 550, 47 A. 748; *Com. v. Mazarella,* 279 Pa. 465, 472, 124 A. 163.

Where the remarks are improper and unwarranted the question arises as to whether they probably so prejudiced the jury that the defendant was deprived of his right to a fair trial. If they did the defendant should be awarded a new trial. For example, a statement made by counsel that a prior tribunal has passed upon the matter and found the defendant guilty is so prejudicial that the defendant is entitled to the withdrawal of a juror and a continuance: *Fisher v. Penna. Co.,* 34 Pa. Superior Ct. 500, 502; *Wagner v. Hazle Twp.,* 215 Pa. 219, 64 A. 405. Frequently, however, the rights of the defendant are sufficiently protected by a warning from the trial judge that such improper remarks should be disregarded.

"A motion to withdraw a juror and continue the case upon the ground of objectionable remarks of counsel is addressed to the sound discretion of the trial court and its refusal of the motion will be reversed only for palpable abuse of that discretion": *Com. v. Westwood,* 324 Pa. 289, 307, 188 A. 304; *Com. v. Mudgett,* 174 Pa. 211, 257, 34 A. 588. The recollections of the trial judge and district attorney as to the content of the district attorney's remarks did not agree with that of counsel for the defendant. The matter was not brought to the attention of the trial judge until the conclusion of the address. This prompts us to again call attention to the fact that the correct practice is for opposing counsel to call the court's attention to improper remarks "at the

time they are uttered": *Com. v. Westwood,* supra (p. 307); *Kelly v. Scranton Ry. Co.,* 270 Pa. 77, 112 A. 748. In *Com. v. Wilcox,* 112 Pa. Superior Ct. 240, 170 A. 455, affirmed by the Supreme Court (316 Pa. 129) Judge (now President Judge) KELLER set forth in an exhaustive opinion the practice to be pursued in placing objectionable remarks upon the record.

The trial judge stated in the opinion refusing a new trial that his recollection was that the district attorney had stated that a coroner's jury recommended that an investigation be made for the purpose of ascertaining whether intoxicating liquor had been sold to a minor. Such a statement is far short of an assertion that even a coroner's jury had recommended a prosecution, or that a coroner's jury had undertaken to pass upon the merits of the matter submitted to the jury in this case. The court below in its opinion calls attention to the fact that all the coroner's jury had in fact said on that subject was to recommend that an investigation be made by the authorities as to whether liquor had been sold to a minor and that the coroner's jury had exonerated Shockey, the minor here involved, as to responsibility for the death of his companion, Burkhart.

The evidence presented to the jury was to the effect that a minor, Shockey, accompanied by a friend, Burkhart, had gone to the place of business of the defendant known as the Merry Go Round and had made at least two purchases of beer. This testimony was denied by the defendant who stated that he was behind the bar when Shockey was in his place of business, that Burkhart had become disorderly and he had compelled him to leave the premises, but that he had not sold or furnished any liquor to Shockey. The issue was a simple one, as to which there was no opportunity for confusion.

The remarks of the district attorney amount to the statement that after the two young men had purchased

the beer and started home, their car was wrecked, Burkhart was killed and the coroner's jury had recommended an investigation as to the sale of liquor to a minor. It was relevant and material for the Commonwealth to show the circumstances under which the witness Shockey had gone to the place of business of the defendant and who accompanied him. Burkhart had been killed and therefore could not be called as a witness so that it was incumbent upon the district attorney to account for his absence. We do not regard the statement objected to as so prejudicial to the defendant's rights as to have warranted a continuance of the case.

In any event, the very matter complained of was also brought to the attention of the jury by counsel for the defendant. Counsel cross-examined Shockey as to the subsequent wreck as to whether he had had a bottle of whiskey and a whiskey glass in his car at the time and referred to Burkhart in his questions as the deceased. One of defendant's own witnesses was also interrogated by defendant's counsel as to the wreck of the automobile and as to what had been found at that time. Defendant cannot now complain of the remarks of the district attorney when his own counsel thought these very matters were material to his defense. We cannot believe that the jury was prejudiced by a mere statement that the coroner's jury had recommended that an investigation be made as to whether liquors had been sold to a minor. It made little difference whether the proceeding was instituted by a private individual or the county detective, as was the fact, unless it became material on the question of costs. If the jury had reached the question of costs the recommendation of the coroner's jury might have been relevant in determining the good faith of the prosecutor and as showing that he was not actuated by improper motives in prosecuting the defendant.

We find no indication of an attempt on the part of

the district attorney to prejudice the jury against the defendant. The matters complained of were not entirely foreign to the logical development of the Commonwealth's case and the defendant's rights were fully protected under the circumstances by the admonition of the court. Certainly there was no such abuse of discretion by the court below in refusing a new trial as would warrant a reversal, particularly where the evidence was clear and explicit as to sales by the defendant to the minor.

The judgment is affirmed and the record is remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence.