Commonwealth *v.* Pittman, Appellant.

Argued September 30, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and WOODSIDE, JJ. (ERVIN, J., absent).

*Donald J. Goldberg,* with him *Albert S. Oliensis* and *Garfield W. Levy,* for appellant.

*William T. Gennetti,* Assistant District Attorney, with him *Victor Wright,* Assistant District Attorney, *Vincent G. Panati,* First Assistant District Attorney, and *Samuel Dash,* District Attorney, for appellee.

OPINION BY RHODES, P. J., November 16, 1955:

This appeal is by defendant from conviction and sentence on a charge of receiving stolen goods. Defendant was indicted on bill of indictment No. 1057, December Sessions, 1954, in the Court of Quarter Sessions of Philadelphia County. He was found guilty by the trial judge, sitting without a jury, on March 22, 1955. On April 21, 1955, defendant was sentenced to a term of not less than eleven and one-half months nor more than twenty-three months in the Philadelphia County Prison.

Immediately prior to sentence, defendant's counsel orally moved for a new trial. The motion was denied forthwith. The written motion and the reasons for a new trial were not filed of record until April 27, 1955, six days after sentence and thirty-six days after defendant was found guilty. On April 29, 1955, two days after filing the motion, an appeal was taken to this Court. A trial court cannot be charged with error in refusing to grant a new trial for reasons which were not properly presented to it. It is a principle of law, long established and essential in the orderly administration of our legal system, that matters not raised in or considered by the court below cannot be invoked on appeal, and this is true even when the question belatedly raised is a constitutional one.[1] *Com. v. Paul,* 177 Pa. Superior Ct. 289, 291, 111 A. 2d 374; *Com. v. Bozzi,* 178 Pa. Superior Ct. 224, 229, 116 A. 2d 290. To the general rule there may be an exception where some fundamental error seriously affecting the merits of the case and imperatively calling for reversal appears. *Com. v. Schultz,* 170 Pa. Superior Ct. 504, 512, 87 A. 2d 69. Although we might well rest there and dismiss the appeal, we

---

[1] This rule applies only to an appellant. *Sherwood v. Elgart,* 383 Pa. 110, 115, 117 A. 2d 899, 901.

have examined the record and we are of the opinion that there is no merit in the appeal. Defendant's present contention, made for the first time on this appeal, is that the Commonwealth failed to prove the essential element of guilty knowledge on the part of the defendant as receiver of the stolen goods.

Charles Johnson, a witness for the Commonwealth, testified that on July 20, 1953, he went on a seven-day vacation, leaving his apartment unoccupied. Upon his return he found that his apartment had been entered and that a television set and a lady's wrist watch were missing. On July 28, 1953, Johnson and a detective went to defendant's apartment, at 2222 North 13th Street, Philadelphia, and there found the television set and wrist watch which Johnson identified as his property.

The detective testified that defendant attempted to explain his possession of the goods by saying that they had been pawned to him by an individual who owed him a bill. This was corroborated by Johnson. Further investigation by the police disclosed that the stolen articles were transported directly from Johnson's home to defendant's apartment in an automobile belonging to an individual known to the police as Rusty. At the time of trial Rusty had not been apprehended by the police.

Defendant testified that he had known Rusty for several years, and that Rusty lived at 2000 Camac Street, Philadelphia. Defendant further testified that he operated a restaurant and that Rusty ate there almost every day. According to defendant, Rusty accompanied by two men, drove up to defendant's place of business at three o'clock one morning; that he told defendant that he and his wife had separated and had divided their property; and that he requested defendant to keep the articles for him until he found a place

for them. In contrast to his previous statement to the detective, defendant at the trial asserted that he had not purchased the articles or received them in pawn. On cross-examination defendant said that he had seen Rusty on the street several times after defendant's arrest, but that he did not talk to him because "he didn't want to talk to me." Defendant also testified that on one such occasion he saw Rusty enter a store, that Rusty saw him, but that when defendant entered the store Rusty had left in some manner even though there was only one door to the store building. Defendant then modified his version of the incident and claimed he went down the street looking for a police officer but was unable to find one, and that when he came back to the store Rusty was not there.

A defense witness corroborated defendant's testimony that Rusty and two men turned over the articles in question to the defendant. However, this witness did not hear any of the conversation that may have taken place between Rusty and the defendant. This witness further testified that Rusty lived at 13th and Diamond Streets, while, according to defendant, Rusty lived at 2000 Camac Street. The trial judge found defendant's explanation of possession of the stolen goods unbelievable and adjudged him guilty.

That the two items of property were stolen and that they were found in defendant's possession is not disputed. The sole argument on behalf of defendant is that the Commonwealth failed to prove defendant's guilty knowledge and that this was a requisite to his conviction.

In *Com. v. Kaufman*, 179 Pa. Superior Ct. 247, 116 A. 2d 316, we reiterated the rule that a person, having in his possession goods recently stolen, has the burden of accounting for such possession; that his failure to meet such burden by a reasonable explanation raises

a presumption of the fact of guilt which justifies his conviction; and that it is a question for the trier of fact to decide whether or not defendant meets such burden. See, also, *Com. v. Lindie,* 147 Pa. Superior Ct. 335, 339, 24 A. 2d 39; *Com. v. Pollack,* 174 Pa. Superior Ct. 621, 623, 101 A. 2d 140.

The trial judge, as a trier of fact, under the circumstances was entirely justified in disbelieving defendant's explanation of his possession of the stolen goods. The detective, corroborated by Johnson, testified the defendant had told him the articles were pawned to him by someone who owed him a bill. This was obviously untrue, and defendant's subsequent recital of the acquisition of the stolen goods was likewise lacking in plausibility. Moreover, the stolen articles were transported from Johnson's home to defendant's at three o'clock in the morning. It is also significant that defendant's story as to his encounter with Rusty after defendant's arrest was contradictory and highly improbable. In the absence of a reasonable explanation of his possession of the stolen goods the defendant's possession raised a presumption of the fact of guilt of felonious receiving. Defendant's conviction was fully warranted. Before imposing sentence the court below had before it defendant's extensive criminal record.

Judgment of sentence is affirmed, and the record is remitted to the court below, and it is ordered that defendant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with the sentence, or any part thereof which had not been performed at the time the appeal was made a supersedeas.