## Commonwealth *v.* Mays, Appellant.

Argued October 4, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Edward B. Bergman,* for appellant.

*Thomas M. Reed,* Assistant District Attorney, with him *F. Emmett Fitzpatrick,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION PER CURIAM, November 13, 1956:

Robert Mays, Jr., was indicted in the court below on a charge of cheating by fraudulent pretenses. The case was heard by Judge NELSON, sitting without a jury. At the conclusion of the trial, the hearing judge found Mays guilty. No post-conviction motions were filed. In fact, defendant's trial counsel stated: "Your Honor, I do not want to make a cause celebre out of this thing and I do not see any necessity to file a motion for a new trial". Following the imposition of sentence, this appeal was taken.

The contention of appellant's present counsel is that there was insufficient evidence to sustain the conviction. We have repeatedly stated that matters not prop-

132

erly raised in the court below cannot be invoked on appeal: *Commonwealth v. Klick*, 164 Pa. Superior Ct. 449, 65 A. 2d 440; *Commonwealth v. DiCarlo*, 174 Pa. Superior Ct. 611, 101 A. 2d 410; *Commonwealth v. Donaducy*, 176 Pa. Superior Ct. 27, 107 A. 2d 139; *Commonwealth v. Bozzi*, 178 Pa. Superior Ct. 224, 116 A. 2d 290; *Commonwealth v. Aikens*, 179 Pa. Superior Ct. 501, 118 A. 2d 205; *Commonwealth v. Pittman*, 179 Pa. Superior Ct. 645, 118 A. 2d 214. While this rule has occasionally been relaxed because of extraordinary circumstances, see *Commonwealth v. Savor*, 180 Pa. Superior Ct. 469, 119 A. 2d 849, it is our intention that it should be enforced. We have concluded that the rule must be applied in the case at bar.

The appeal is dismissed.