Commonwealth *v.* Lewis, Appellant.

232

Argued June 10, 1958. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

Before BOLGER, J., without a jury.

*David Freeman,* for appellant.

*Domenick Vitullo,* Assistant District Attorney, with him *Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY ERVIN, J., September 11, 1958:

The appellant, Stanley Lewis, was tried before a judge, sitting without a jury, and found guilty on bill of indictment No. 1137, November Sessions 1957, charging conspiracy, and on bill of indictment No. 1138, November Sessions 1957, charging burglary, larceny and receiving stolen goods. Sentence was suspended on bill No. 1137 and was imposed on bill No. 1138. He appealed in No. 264 from the suspension of sentence on the conspiracy charge and appealed in No. 266 from the sentence imposed on the charges of burglary, larceny and receiving stolen goods.

The appeal in No. 264 from the suspension of sentence is interlocutory. As a general rule an appeal in a criminal case can be taken only after judgment of sentence or some other final disposition: *Com. v. Fox,* 181 Pa. Superior Ct. 292, 295, 124 A. 2d 628. An appeal will be allowed from a suspended sentence if great injustice would be done to the defendant by not allowing it: *Com. v. Trunk,* 311 Pa. 555, 167 A. 333; *Com. v. Ragone,* 317 Pa. 113, 176 A. 454. The present case is controlled by *Com. v. Heintz,* 182 Pa. Superior Ct. 331, 337, 126 A. 2d 498, where we said: "Here we are sustaining the defendant's conviction of a felony. Therefore, unlike in the case of Com. v. Tluchak, 166 Pa. Superior Ct. 16, 21, 70 A. 2d 657 (1950), the defendant suffers little *stigma* as a result of the verdict of guilty on another felony growing out of the same transaction.

"If we were to grant a new trial or discharge the defendant on the charge of false pretense we would consider the appeal in the fraudulent conversion case. See Com. v. Haines, 130 Pa. Superior Ct. 196, 196 A. 621 (1938); Com. v. Tluchak, supra; Com. v. Ragone, supra; Com. v. Trunk, supra. As there is no reason to make an exception to the general rule in this case, the appeal from the suspended sentence should be quashed."

The appeal in No. 264 from the conspiracy conviction, upon which sentence was suspended, will, therefore, be quashed.

No oral or written motion was made for a new trial or in arrest of judgment prior to the imposition of sentence on No. 266 on the charges of burglary, larceny and receiving stolen goods. A trial court cannot be charged with error in refusing to grant a new trial for reasons which were not properly presented to it: *Com. v. Pittman,* 179 Pa. Superior Ct. 645, 118 A. 2d 214.

In *Com. v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530, we said that we intended to enforce the rule that matters not properly raised in the court below cannot be invoked on appeal. Although we might dispose of the appeal in No. 266 for this reason alone, we have examined the entire record and are of the opinion that there is no merit in the appeal. The appellant's contention is that the Commonwealth's evidence was insufficient to establish the guilt of the defendant. The Commonwealth's evidence established that on November 16, 1957 at approximately 12:15 a.m. police officers observed appellant and two other individuals, David Cherry and John Taylor, standing in front of a clothing store located at 720 South Street, Philadelphia, Pennsylvania. The officers circled the block three times in their automobile and each time they drove by the store, the three men moved away from the store's

double windows. The officers then parked their automobile and set up stake outs in the vicinity, keeping the three men under surveillance. David Cherry threw a brick through the window and took some clothing therefrom. At the approach of the police officers, appellant and the other two fled but were immediately apprehended. Appellant took the stand in his own defense and denied that he was with the other two men. He testified that he was looking in a store window a few doors removed from the burglarized store when he heard some shooting. He then ran but was immediately apprehended. The officer, in rebuttal, testified that the appellant was with the other two defendants each of the three times they were observed prior to the breaking of the window. There was a direct conflict in the testimony on this point but the trial judge decided the question of credibility in favor of the officer. When a crime has been committed and the person accused thereof knows he is accused and then flees or conceals himself, such conduct is evidence of consciousness of guilt and, in connection with other proof, may be the basis from which guilt may be inferred: *Com. v. Cerzullo et al.*, 175 Pa. Superior Ct. 330, 337, 104 A. 2d 179.

While it is true that David Cherry and John Taylor, who admitted their guilt, testified that the appellant was not a party to the crime, the trial judge was not obliged to believe the evidence of these two accomplices. The trial judge chose to believe the testimony of the police officers, which placed the appellant at the scene of the crime at and prior to the time of its commission. This evidence, together with the flight of the appellant, was, in our opinion, sufficient to establish the guilt of the defendant.

On appeal the evidence must be considered in the light most favorable to the Commonwealth: *Com. v.*

*Mitchell,* 181 Pa. Superior Ct. 225, 227, 124 A. 2d 407.

The findings of a judge in a trial without a jury are as binding upon the appellate courts as the verdict of a jury, if supported by competent evidence, regardless of whether the appellate court would have independently made the same findings: *Com. v. Lick,* 146 Pa. Superior Ct. 435, 438, 22 A. 2d 616.

The judgment of sentence on No. 266 charging burglary, larceny and receiving stolen property is affirmed and it is ordered that appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.