## Commonwealth *v.* Salkey, Appellant.

Submitted November 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Joseph Salkey,* appellant, in propria persona.

*William Claney Smith,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY WATKINS, J., December 9, 1958:

The appellant, Joseph Salkey, was indicted in the Court of Quarter Sessions of Allegheny County on six counts of violating the Pennsylvania liquor laws. He was represented by counsel, waived a jury trial and was tried by Judge LORAN L. LEWIS, who found him guilty and sentenced him under the Liquor Code of 1951, April 12, P. L. 90, Art. 5, Section 519, 47 PS §5-519, to a fine of Five Hundred ($500) Dollars and a term of imprisonment of not less than thirty days nor more than one year in the Allegheny County jail. This appeal is from the judgment of sentence.

In the opinion memorandum of the court below, Judge LEWIS says, "The defendant did not present a motion for a new trial or a motion in arrest of judgment." The decisions uniformly hold that appellate courts will not consider matters that have not been raised in the court below: *Com. v. Popp,* 87 Pa. Superior Ct. 193 (1926); *Com. v. Helwig,* 184 Pa. Superior Ct. 370, 134 A. 2d 694 (1957); *Com. v. Samson,* 130 Pa. Superior Ct. 65, 75, 196 A. 564 (1938).

The appellant contends that he attempted to file a motion for a new trial and in arrest of judgment but that it was refused by the clerk of courts. The court below had no knowledge of it and the District Attorney had no knowledge or notice of such purported action; and, of course, there is no acceptance of service or proof of service of such motion.

Because of this contention however, although we are constrained to dismiss this appeal and affirm the judgment of sentence forthwith, we will examine the record. The motion for a new trial and arrest of judgment set forth the following reasons: "1. The verdict was against the weight of the evidence; 2. The weight of the evidence was against the verdict; 3. And other reasons which may be assigned after testimony in the case has been transcribed."

The record discloses that the appellant lived with his wife and they occupied premises at 29 Chartiers Street, Rankin, Pa. There is a garage in the rear of the same property. A fire broke out in the garage and the firemen discovered a still in the garage and five gallons of "moonshine" whiskey. The still was located in the garage proper and was not in operation at the time.

The appellant claimed that the garage which had three rooms "in the top of it" had been leased by his wife to a man named "Plovak". His wife did not appear as a witness to corroborate him. The living quarters over the garage had a separate entrance. The Commonwealth contended that the possession of the still and whiskey was in the appellant by virtue of his occupancy of the property with his wife. The appellant contended that possession was in the mysterious "Plovak".

Judge LEWIS at the time of the imposition of the sentence said, "I am convinced that the (appellant) got on the witness stand and perjured himself." In a trial before a judge without a jury, under the Act of June 11, 1935, P. L. 319, Sections 1 and 2, as amended, 19 PS Sections 786 and 787, the judge's decision has the same force and effect as the verdict of a jury. *Com. v. Snaman*, 131 Pa. Superior Ct. 383, 200 A. 106 (1938). The credibility of the witnesses is for him and if the

evidence is sufficient to establish guilt beyond a reasonable doubt his finding cannot be disturbed. That is the situation here, so that if the motions had been filed and refused there would have been no abuse of discretion. The complaint concerning the court's deferring sentence from May 13, 1958 until May 23, is without merit. His admonition that the case be turned over to the county detective for investigation may well have been to supply information for him in determining sentence. No objection was made at the time by counsel for the appellant and this complaint was not included in the motion attempted to be filed.

Judgment of sentence is affirmed.