Commonwealth *v.* DeMarco, Appellant.

Argued June 13, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*John Rogers Carroll*, with him *Howard Gittis*, for appellant.

*Augustine J. Rieffel,* Assistant District Attorney, with him *Domenick Vitullo,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., September 16, 1960:

This is an appeal by defendant from judgment of sentence imposed after a verdict of guilty rendered by a jury in the Court of Quarter Sessions of Philadelphia County on charges of unlawfully carrying a firearm without a license, assault and battery, and aggravated assault and battery.

Defendant did not file a motion in arrest of judgment or for a new trial although, at the conclusion of the trial, he was specifically warned by the court to file his motions, if he so intended, within four days. To this defendant answered: "I will make a motion when I talk it over with my lawyer." More than eight months later, when defendant was sentenced to a term of not less than one year nor more than three years in the Philadelphia County Prison to begin at the expiration of the sentence he was then serving, neither he nor his then attorney raised any question pertaining to alleged errors at the trial.

Defendant on this appeal contends there was error in the court below in that he was denied the effective representation of counsel of his choice, and that an inadvertent reference by counsel for defendant to defendant's prior conviction for another crime was ground for a new trial.

We have repeatedly stated that matters not properly raised in the court below cannot be invoked on appeal. *Com. v. Mays,* 182 Pa. Superior Ct. 130, 131, 132, 126 A. 2d 530; *Com. v. Pittman,* 179 Pa. Superior Ct. 645, 647, 118 A. 2d 214. This rule applies even

when the question belatedly raised is a constitutional one. *Com. v. Cauffiel*, 298 Pa. 319, 320, 148 A. 311. While the general rule has occasionally been relaxed because of extraordinary circumstances, it is the intention of this Court that it should be enforced. *Com. v. Mays*, supra, 182 Pa. Superior Ct. 130, 132, 126 A. 2d 530. We have concluded that the rule must be applied in the case at bar.

We have nevertheless examined the record and find no merit in the questions raised by appellant. Cf. *Com. v. Lewis*, 187 Pa. Superior Ct. 231, 234, 144 A. 2d 441. There is no question but that a defendant has a constitutional right to choose, at his own cost and expense, any counsel that he may desire. But in *Com. v. Novak*, 395 Pa. 199, 214, 150 A. 2d 102, 110, it was said: "The accused's right to choose counsel must be exercised at a reasonable time and in a reasonable manner. . . . He was never denied the opportunity to exercise this right. Defendant knew when his case would be called for trial. He could not wait until the very day of his trial to choose another counsel." At the beginning of defendant's trial, Albert S. Oliensis, Esquire, asked defendant: "Do you want me to represent you?" Defendant replied: "Yes, all right." Mr. Oliensis had previously represented the defendant, and while acting as his counsel in the present case he capably represented defendant. At the beginning of the second day of trial, defendant, after discussion with the court and counsel, voluntarily dismissed Mr. Oliensis as his attorney and proceeded to act as his own counsel. Defendant did not take the stand. The trial judge protected defendant's rights in every respect.

At the end of the first day of trial, defendant's counsel, Mr. Oliensis, moved for the withdrawal of a juror on the ground that the jurors had heard an inadvertent statement made by him at the beginning of

the trial that he represented defendant in a previous trial in which defendant was found guilty. The trial judge stated that he was satisfied that the jurors did not hear what was said.

Defendant's contentions are without merit. It is clear that defendant was in no way denied effective representation by counsel of his choice. See *Com. v. Snow*, 178 Pa. Superior Ct. 319, 328, 329, 116 A. 2d 283. In view of the definite conclusion of the trial judge that the jurors did not hear counsel's remark concerning defendant's prior conviction, there was no error in the refusal of defendant's motion for the withdrawal of a juror. In this respect there was no abuse of discretion. See *Com. v. Helwig*, 184 Pa. Superior Ct. 370, 376, 134 A. 2d 694. A motion to withdraw a juror and continue a case upon the ground of objectionable remarks of counsel depends upon the atmosphere and factual situation of the trial and is addressed to the sound discretion of the trial court. *Com. v. Trimarchi*, 133 Pa. Superior Ct. 307, 310, 2 A. 2d 540; *Com. v. Narr*, 173 Pa. Superior Ct. 148, 153, 96 A. 2d 155.

Appeal is dismissed.