Commonwealth *v.* Taylor, Appellant.

Argued September 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Andrew Joseph Taylor,* appellant, in propria persona, submitted a brief.

*Charles L. Durham,* Assistant District Attorney, with him *Domenick Vitullo,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., November 16, 1960:

Andrew Joseph Taylor was indicted at the April 1957 Sessions of the Court of Oyer and Terminer and Quarter Sessions of the County of Philadelphia on four bills of indictment. Bill No. 1562 charged assault on Joseph DiCicco with intent to rob. Bill No. 1563 charged that Taylor conspired with Robert H. Waters and Howard C. Johnson to commit robbery. Bill No. 1564 charged aggravated assault and battery upon Carmella DiCicco, and assault with intent to murder. Bill No. 1565 charged aggravated assault and battery upon Joseph DiCicco, and assault with intent to murder. The trial took place on December 17, 1959 before the Honorable WILLIAM I. TROUTMAN, specially presiding. Taylor was represented by an assistant defender of the Philadelphia Voluntary Defender Association. Taylor and his counsel waived a jury trial. After hearing the testimony, the trial judge found Taylor guilty on Bills Nos. 1562 and 1565, guilty on Bill No. 1564 as to the count of aggravated assault and battery only, and not guilty on Bill No. 1563. Sentences were imposed as follows: On Bill No. 1564, sentence was suspended;

on Bill No. 1562 Taylor was sentenced to serve a term of eight to sixteen years in the State Correctional Institution at Philadelphia; on Bill No. 1565 Taylor was sentenced to serve a term of three and one-half to seven years in the same institution, this sentence to be consecutive to that on Bill No. 1562. Taylor has filed one appeal from the Judgments on Bills Nos. 1562, 1564, and 1565.[1]

The record discloses that, about 8:30 A.M. on January 25, 1957, appellant, accompanied by Waters and Johnson, entered the business establishment of Joseph DiCicco at 1226 South 21st Street, Philadelphia. Appellant was armed with a revolver and announced: "This is a stick up". DiCicco reached for a gun, whereupon appellant shot DiCicco in the wrist and left shoulder. He also shot DiCicco's wife, Carmella, in both legs. Appellant was identified at the trial by Joseph DiCicco, Samuel L. Horsley, who was a customer in the DiCicco establishment, and Howard C. Johnson, one of appellant's accomplices. Appellant's defense was a complete denial, based on his uncorroborated assertion that, at the time of the robbery, he was in Richmond, Virginia.

Appellant's statement of the questions involved on this appeal is as follows: "1. That the Commonwealth of Pennsylvania did not have jurisdiction over the defendant; having illegally returned him from the State of New Jersey. 2. That the lower court was in error in imposing three (3) separate sentences, on three (3) counts, arising out of one (1) transaction. 3. That the verdict was against the weight of the evidence. 4. That the court below abused its discretion by not ordering trial by jury. 5. That it was error for the trial judge, to order trial, without affording court ap-

---

[1] There should have been three appeals, but this discrepancy is not material in view of our disposition of the case.

pointed counsel any time to prepare for the defense. 6. That the defendant was denied his constitutional right to a 'speedy' trial".

The Commonwealth takes the position that this appeal should be dismissed because there were no post-conviction motions for a new trial or in arrest of judgment. The record discloses that the trial judge expressly inquired of appellant's counsel whether he desired to file a motion for a new trial, and appellant's counsel replied that he did not. Matters not properly raised in the court below may not be invoked on appeal, and it is our intention that this rule should be enforced: *Commonwealth v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530. See also *Commonwealth v. Pittman,* 179 Pa. Superior Ct. 645, 118 A. 2d 214; *Commonwealth v. Salkey,* 188 Pa. Superior Ct. 388, 147 A. 2d 425; *Commonwealth v. DeMarco,* 193 Pa. Superior Ct. 16, 163 A. 2d 700. We therefore propose to dismiss this appeal. However, since appellant is in prison and is not now represented by counsel,[2] we will consider and answer his several complaints.

(1) Appellant first contends "that the Commonwealth of Pennsylvania by its arbitrary methods in transporting appellant to and from its jurisdictional boundaries on several occasions, lost its jurisdiction". Passing the assertion in the Commonwealth's brief that appellant waived extradition, a prisoner who is regu-

---

[2] The trial judge states that he received a letter from appellant, dated January 8, 1960, "in which he stated that the Voluntary Defender Association of Philadelphia refused to represent him on any appeal because they were of the opinion there was no merit in his position". The trial judge further states that he personally consulted with the Voluntary Defender Association in Philadelphia "and was advised by them that they would not undertake to represent him in any motion for a new trial or appeal proceedings inasmuch as they were of the opinion that his rights were completely protected".

larly indicted and tried under the laws of the state where the crime was committed is not deprived of due process by the manner in which he is brought from another jurisdiction: *Commonwealth ex rel. Master v. Baldi*, 166 Pa. Superior Ct. 413, 72 A. 2d 150. And see *Commonwealth ex rel. DiDio v. Baldi*, 176 Pa. Superior Ct. 119, 106 A. 2d 910.

(2) Appellant's second, and most extensively argued, contention is "that the Court imposed three separate sentences on three counts involving but one crime . . . arising out of the one transaction". The test of whether one criminal offense has merged in another is not whether the two criminal acts are successive steps in the same transaction, but whether one crime necessarily involves the other: *Commonwealth ex rel. Green v. Keenan*, 176 Pa. Superior Ct. 103, 106 A. 2d 896. And see *Commonwealth v. Williams*, 187 Pa. Superior Ct. 295, 144 A. 2d 634; *Commonwealth ex rel. Hnat v. Ashe*, 165 Pa. Superior Ct. 25, 67 A. 2d 769. Appellant cites *Commonwealth ex rel. Wendell v. Smith*, 123 Pa. Superior Ct. 113, 186 A. 810, in which we felt obliged to follow the dictum in *Commonwealth v. Birdsall*, 69 Pa. 482, to the effect that counts of burglary and larceny could not be punished as separate offenses. However, this dictum was subsequently disapproved in *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A. 2d 920, which overruled the *Wendell* case: *Commonwealth ex rel. Comer v. Claudy*, 174 Pa. Superior Ct. 494, 102 A. 2d 227. And see *Commonwealth ex rel. Kuklich v. Baldi*, 150 Pa. Superior Ct. 390, 28 A. 2d 496. Appellant also cites *Commonwealth ex rel. Ciampoli v. Heston*, 292 Pa. 501, 141 A. 287, and *Stevens v. McClaughry*, 207 F. 18, which are not controlling. In the *Ciampoli* case an indictment contained two counts charging possession and sale of drugs. In the *Stevens* case, an indictment contained two counts charging larceny of a mail pouch,

and larceny of the letters therein and embezzlement of their contents. In the instant case, there were three indictments for three separate and distinct offenses. .

The offense charged in Bill No. 1562 is proscribed by Section 705 of The Penal Code.[3] It was complete when appellant, being armed with a revolver, entered the DiCicco establishment and announced the hold-up. The offense charged in Bill No. 1565 is proscribed by Section 710 of The Penal Code (18 P.S. 4710) and occurred when appellant thereafter shot DiCicco. So far as Bill No. 1564 is concerned, the shooting of Mrs. DiCicco was clearly a separate offense: *Commonwealth ex rel. Kitzinger v. Claudy,* 173 Pa. Superior Ct. 453, 98 A. 2d 457. See also *Commonwealth ex rel. Yeschenko v. Keenan,* 179 Pa. Superior Ct. 145, 115 A. 2d 386. In *Commonwealth ex rel. Sawchak v. Ashe,* 169 Pa. Superior Ct. 529, 83 A. 2d 497, we held that a charge of assault with intent to murder did not merge with a charge of attempted robbery. In *Commonwealth ex rel. Moszczynski v. Ashe,* supra, 343 Pa. 102, 21 A. 2d 920, our Supreme Court held that there was no merger of the charges of breaking and entering with intent to commit a felony, bank robbery and larceny, and felonious attempt to kill. In that case, Mr. Justice (later Chief Justice) MAXEY made the following pertinent statement:

"When a statute defines certain distinct acts as crimes, the actor cannot justly complain if he is prosecuted and punished for all of them unless one of the crimes was a necessary part of the other. This relator committed in quick succession three distinct crimes not one of which was necessarily involved in any of the others. They invited and now justify the plurality of sentences imposed".

---

[3] Act of June 24, 1939, P. L. 872, 18 P.S. 4705.

(3) Appellant further contends that the evidence of identification was "vague and indefinite". Where a defendant in a criminal prosecution agrees to be tried by a judge without a jury, the findings of the judge are as binding upon the appellate court as the verdict of a jury, if supported by competent evidence: *Commonwealth v. Lick,* 146 Pa. Superior Ct. 435, 22 A. 2d 616. The credibility of the witnesses is for the trial judge and, if the evidence is sufficient to establish guilt beyond a reasonable doubt, his finding may not be disturbed: *Commonwealth v. Salkey,* supra, 188 Pa. Superior Ct. 388, 147 A. 2d 425. We have made a careful examination of this original record, and find that the testimony fully supports the verdicts. Cf. *Commonwealth v. Horn,* 186 Pa. Superior Ct. 429, 140 A. 2d 847.

(4) Appellant further contends "that the trial judge was in error in not ordering and directing that the waiver of trial by jury be withdrawn". Section 1 of the Act of June 11, 1935, P. L. 319, No. 141, as amended, 19 P.S. 786, provides as follows: "In all criminal cases, except murder and treason, the defendant shall have the privilege, with the consent of his attorney of record, the judge and the district attorney, to waive trial by jury". As previously indicated, appellant and his counsel properly waived a jury trial. See *Commonwealth ex rel. Moore v. Tees,* 179 Pa. Superior Ct. 634, 118 A. 2d 224. While Section 2 of the statute (19 P.S. 787) provides that "the said trial judge may, after hearing the case, order the withdrawal or waiver of trial by jury withdrawn, and order and direct that the case be tried before a jury", there was no request to withdraw the waiver, and the record does not disclose any basis for such a request.

(5) Appellant further contends that counsel "must be effective and, in order to be so, must have time to prepare the defense". The record does not dis-

close any request, either by appellant or his counsel, for more time to prepare a defense. Furthermore, appellant does not allege that a delay would have enabled him to produce helpful testimony, or that he was prejudiced in any way. Cf. *Commonwealth ex rel. Smilley v. Claudy,* 172 Pa. Superior Ct. 247, 93 A. 2d 894.

(6) Appellant finally contends that, since he was indicted on April 25, 1957, and was not tried until December 17, 1959, he was not accorded the speedy trial guaranteed by the Sixth Amendment to the Constitution of the United States, and Article I, section 9 of the Constitution of this Commonwealth. A complete answer to this contention is that the delay was entirely appellant's fault. The record discloses that appellant fled the jurisdiction and his whereabouts were unknown, so far as the Pennsylvania authorities were concerned, until on or about March 11, 1959, when it was discovered that appellant was serving a sentence in the New Jersey State Prison. Received in evidence at the time of appellant's trial was the petition of the district attorney, with accompanying affidavit and order of court, for leave to present the bills of indictment to the grand jury on the ground that appellant was a fugitive.

Appeal dismissed.