## Commonwealth *v.* Williams, Appellant.

Argued September 20, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Stanley M. Greenberg,* with him *Ochman & Greenberg,* for appellant.

*William H. Wolf, Jr.,* Assistant District Attorney, with him *John F. Hassett* and *Domenick Vitullo,* As-

sistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, J., November 16, 1960:

This is an appeal from the sentence of the court below on a charge that the defendant did unlawfully interfere with an elector while the elector was inside the enclosed space, contrary to the provisions of the Election Code, Act of June 3, 1937, P. L. 1333, §1830, 25 PS §3530.

The facts are as follows: On November 3, 1959 a general election was held in Philadelphia; Oscar Williams, the appellant, a committeeman, went to the home of Elmyra Tony, prosecutrix, and urged her to come out and vote. She accompanied him to the polling place and, after signing the registry book, entered the voting machine booth. She attempted to pull the machine's curtains together but before she had completely closed the curtain, the appellant, who was standing beside the machine, said: "All you have to do is make sure you vote the right way now." He then extended his arm over Mrs. Tony's left shoulder and grasped and pulled a party lever. Mrs. Tony said: "You shouldn't have done that." Mr. Williams thanked her and she replied: "Thanks for what? I didn't do anything." She then walked out of the polling place without speaking to anyone else.

The appeal "is based on the fact that the court below founded a verdict solely upon the incredible testimony of one witness, whose story cannot be believed because the incontrovertible physical facts dictate that her accusation is false."

The court below arrested judgment upon the first count of the indictment which charged an unlawful marking of the ballot. This was done because the court

evidently agreed that the voting machine lever could not have been pulled down because the curtain was not fully closed.

Appellant's counsel now argues that the second count of unlawful interference should likewise have been thrown out because "the only allegation of interference is the 'pulling of the lever' and if this did not occur as the court has indicated, then no interference at all appears in the records." We cannot agree with this argument.

Mrs. Tony may have been mistaken in her conclusion that a vote had been registered and she may honestly have been mistaken in her view that the appellant did in fact pull the party lever down. Regardless of whether a vote was cast or whether the lever was pulled down, her testimony is quite clear that her exercise of the franchise had been interfered with, so much so, in fact, that she did not attempt to cast her own vote. We approve the language of the court below on this subject, which is as follows: "Whether or not the vote had actually been cast by Williams was in no way essential to sustaining his conviction on the second count; i.e., interfering with Mrs. Tony while she was within the enclosed space of the voting booth. Williams' interference appears patently in the evidence. He thrust his hand into a voting booth, which was being closed; he grasped a party lever; he pulled that lever and by this act led Mrs. Tony to believe that she could not or should not vote. She had been effectively disfranchised by Williams' conduct. This was the very interference which the Act seeks to deter. It is immaterial whether Williams denied Mrs. Tony her right to vote by casting the vote for her, or by taking advantage of her unfamiliarity with the mechanics of voting equipment so that she was led to believe that he had voted for her. What else but interference could Williams' act be called?"

True it is that the judge of election, the majority inspector and the minority inspector testified in favor of the appellant but the court, who in this case was the jury, the case having been tried before a court without a jury, did not choose to believe their testimony. It should be noted that had the testimony of these election officials been different, they might have been subject to criminal prosecution for allowing a watcher to get within six feet of the voting machine: Act of June 3, 1937, P. L. 1333, §1220, 25 PS §3060. This was simply a question of credibility for the trier of fact and may not be interfered with by us: *Com. ex rel. Harry v. Eastridge*, 374 Pa. 172, 97 A. 2d 350; *Com. v. Lance*, 381 Pa. 293, 113 A. 2d 290; *Com. v. Salkey*, 188 Pa. Superior Ct. 388, 147 A. 2d 425.

Judgment of sentence affirmed.

GUNTHER and MONTGOMERY, JJ., took no part in the consideration or decision of this case.

---

DISSENTING OPINION BY WATKINS, J.:

I would grant a new trial. This conviction is based upon incredible testimony, and is against the overwhelming weight of the evidence.

WRIGHT, J., joins in this dissent.