J-S42017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTUS JOB EARNEST | : | |
| | : | |
| Appellant | : | No. 36 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 12, 2017
In the Court of Common Pleas of Perry County Criminal Division at
No(s):  CP-50-CR-0000386-2016

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED OCTOBER 18, 2018**

A jury convicted Justus Job Earnest of theft by unlawful taking or disposition and receiving stolen property.[1] He now appeals the judgment of sentence, challenging the sufficiency of the Commonwealth's evidence. We affirm.

We summarize the evidence at trial, gleaned from the certified record, as follows. Jennifer Mitchell testified that she purchased a motorcycle in 2015 and she did not let anyone else ride her motorcycle. Notes of Testimony ("N.T."), Trial, 08/22/17, at 35, 37. On the night of August 5, 2016, she parked her motorcycle in her driveway and when she awoke the next day, it

_____

\*   Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3921(a) and 3925(a), respectively.

was not there. *Id.* at 38-39. She later posted a picture of the motorcycle on Facebook,[2] letting others know that someone had stolen it. *Id.* at 40-41.

Dustin Jones testified that on August 6, 2016, Earnest asked him if he wanted to go to the beach. *Id.* at 47-48. They left from Jones' house around 4:30 a.m. and on the way, Earnest parked his truck in a town just outside of the area where the victim lived. *Id.* at 33, 48. Earnest left and returned about 30 minutes later, pushing a motorcycle up the street. *Id.* at 49. Jones helped load the motorcycle into Earnest's truck. *Id.* at 50. Before they went to the beach, Earnest dropped the motorcycle off at a garage in New Jersey. *Id.* at 51-53. A few days later, Earnest told Jones that he stole the motorcycle. *Id.* at 54. Jones testified that he later saw the victim's post on Facebook and recognized her motorcycle as the same motorcycle that he helped Earnest load onto Earnest's truck. *Id.* at 55. He contacted the victim and told her that Earnest told him that it was his motorcycle and they dropped it off at a New Jersey garage for the shop to "fix it" for him. *Id.* at 43-44.

Corporal Donald Chewning testified that he received information from a private anti-crime organization, Crime Stoppers,[3] that Jones wanted to speak

---

[2] "Facebook is a social networking site where '[u]sers of that Web site may post items on their Facebook page that are accessible to other uses, including Facebook 'friends' who are notified when new content is posted.'" ***Commonwealth v. Mangel***, 181 A.3d 1154, 1159 (Pa.Super. 2018) (citations omitted).

[3] Crime Stoppers is an organization that offers citizens monetary rewards for providing information to the police about crimes. N.T., Trial, 8/22/17, at 122-123.

with someone about a stolen motorcycle. *Id.* at 123. Jones told Corporal Chewning that the stolen motorcycle was at a garage in New Jersey. *Id.* at 88. Jones also told him that Earnest picked him up to go to the beach, and when Earnest arrived at his house, the motorcycle was loaded on his truck. *Id.* However, when Corporal Chewning looked at video surveillance from the road that Jones alleged they traveled on, he did not see Earnest's truck. *Id.* at 125. When Corporal Chewning confronted Jones with this information, he admitted that they retrieved the motorcycle on the way to the beach and that he helped Earnest load the motorcycle onto his truck, in a town not far from the victim's residence. *Id.* at 106-107, 126.

Corporal Chewning obtained a search warrant for Earnest's cell phone records, which showed that Earnest's cell phone signal was "bouncing off" a cell phone tower, in the area of the victim's residence around the time the motorcycle was stolen. *Id.* at 101, 102, 136. On cross-examination, Corporal Chewning testified he did not obtain video surveillance of the victim's motorcycle in the back of Earnest's truck and he did not recover the victim's motorcycle. *Id.* at 121, 130-131.

The jury found Earnest guilty of the above-referenced crimes and the trial court proceeded with sentencing on a later date. The trial court imposed consecutive sentences of 11½ to 23 months' incarceration and three years of reporting probation. Earnest filed a post-sentence motion, which the trial court denied. This timely appeal followed.

On appeal, Earnest raises one issue for our review: "[W]as the evidence concerning the charges of Theft by Unlawful Taking (F3) and Receiving Stolen Property (F3) insufficient as a matter of law?" Earnest's Br. at 5.

We only address Earnest's challenge to his theft conviction because he waived his challenge to the receiving stolen property conviction by not including it in his Pa.R.A.P. 1925(b) statement. **See** Earnest's Pa.R.A.P. 1925(b) Statement ("The [j]ury's verdict of guilty on the charge of Theft by Unlawful Taking was not supported by sufficient evidence"); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

In any event, the evidence was sufficient to support both verdicts. When reviewing a claim challenging the sufficiency of the evidence, this Court "is required to view the facts in the most favorable light to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). A challenge to the sufficiency of the evidence presents a question of law, thus the scope of our review is plenary and our standard of review is *de novo*. **See Commonwealth v. Brown**, 185 A.3d 316, 324 (Pa. 2018) (stating standard of review is *de novo* and scope of review is plenary for question of law). Evidence is sufficient to sustain a conviction where it supports each element of the crime beyond a reasonable doubt. **Widmer**, 744 A.2d at 751.

Here, Earnest contends there is no evidence other than the testimony of Jones that "supports a contention that Mr. Earnest stole [the victim's]

motorcycle, received possession of the motorcycle, disposed of the motorcycle, or was involved in any way with the stolen motorcycle." Earnest's Br. at 26. The Commonwealth responds that "uncorroborated accomplice testimony is sufficient" to sustain a conviction. Commonwealth's Br. at 2.

Testimony, whether corroborated or not, if believed by the fact finder, is sufficient to sustain a conviction as long as the testimony addresses every element of the crime. **See Commonwealth v. Johnson**, 180 A.3d 474, 481 (Pa.Super. 2018) (holding that uncorroborated testimony of one witness is sufficient to sustain conviction as long as testimony addresses every element of offense); **see also Commonwealth v. Richbourg,** 398 A.2d 685 (Pa.Super. 1979) (concluding uncorroborated testimony of co-conspirator, if believed, is sufficient to support conviction). It is the sole decision of the fact-finder whether "to believe all, part, or none" of the testimony presented to it. **Commonwealth v. Cline**, 177 A.3d 922, 925 (Pa.Super. 2017) (citing **Commonwealth v. Moreno**, 14 A.3d 133, 136 (Pa.Super. 2011)).

To sustain a conviction for the crime of theft by unlawful taking, the Commonwealth must prove, beyond a reasonable doubt, that a person unlawfully took or exercised control over movable property of another with an intent to deprive them of that property. **See** 18 Pa.C.S.A. § 3921(a).

In this case, while Jones' testimony was uncorroborated, it was sufficient to satisfy every element of the crime of theft by unlawful taking. The victim testified that she did not allow anyone else to ride her motorcycle. Additionally, Jones testified that the victim's motorcycle was the same

- 5 -

motorcycle Earnest walked up the street with and then loaded into his truck. Along with this, the victim never received her motorcycle back after Earnest dropped it off at the New Jersey garage. These facts, viewed in the light most favorable to the verdict winner, the Commonwealth, were sufficient to prove that Earnest unlawfully took the victim's motorcycle with the intent to deprive her of it. Therefore, Jones' testimony addressed every element of the crime and was sufficient to sustain the conviction.

Earnest's characterization of Jones as an accomplice does not undermine our conclusion that the evidence was sufficient. While the testimony of an accomplice "should be viewed with great caution," if such testimony is believed by the fact finder, it is sufficient to sustain a conviction. ***Commonwealth v. Chmiel***, 639 A.2d 9, 13 (Pa. 1994) (stating judge should instruct jury that accomplice testimony is from a corrupt and polluted source and should be viewed with great caution); ***see also Commonwealth v. Chrostowski***, 171 A. 901, 902 (Pa.Super. 1934) (stating that there is no rule of law that forbids a conviction on uncorroborated testimony of an accomplice).

In reality, Earnest's arguments go to the weight of the evidence, rather than its sufficiency. Earnest waived such a claim by not raising it on appeal in his Rule 1925(b) Statement, or in the trial court either in a motion for a new trial before sentencing or in a post-sentence motion. ***See Commonwealth v. Kinney***, 157 A.3d 968, 972 (Pa.Super. 2017) (stating challenge to weight of evidence claim waived by not raising challenge in a motion for a new trial

pursuant to Pa.R.Crim.P. 607). Even assuming that Earnest had properly preserved such a claim, we would conclude that the trial court's rejection of it was not an abuse of discretion. ***Commonwealth v. Clay***, 64 A.3d 1049, 1054-55 (Pa. 2013).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/18/2018</u>